## WILLIAM CAREY v. J. B. THOMPSON ET AL.

### May Term, 1894.

*Transportation of scholars to and from school. Mandamus.*

The power given by No. 20, s. 6, acts 1892, to use not exceeding 25 per cent of the school money for the transportation of scholars to and from school is discretionary with the school directors, and their action in that respect cannot be controlled by mandamus.

Petition for mandamus, returnable to and heard at the May term, 1894, upon an agreed case.

*E. F. Palmer* for the petitioner.

*Geo. W. Wing* for the respondent.

MUNSON, J.   This petition for mandamus alleges that the school directors of the town of which the relator is a resident and taxpayer have neglected to support a school within two and one-fourth miles of the relator's house, and have refused to use any part of the school money of the town for the purpose of conveying his children to and from

any school, and have made no attempt whatever to give his children school advantages equal to those enjoyed by the other scholars of the town.    The respondents in their answer admit that they have made no arrangements for carrying any of the scholars of the town to and from school; but deny that they have refused to provide for the conveyance of the relator's children, or other children similarly situated, otherwise than by requiring the relator and other parents to send their children for a time without transportation, and so ascertain by experiment whether the distance is too great for them to travel; and further aver that in locating the schools of the town as they have, and in conditionally declining to provide transportation for the relator's children and other children similarly situated, they have exercised their best judgment and discretion.

The question raised involves the construction of a provision contained in s. 6, No. 20, Acts of 1892, which reads as follows:

" Said schools shall be within the limits of said town, and at such places, and held at such times, as in the judgment of the board of directors will best subserve the interests of education and give all the scholars of the town as nearly equal advantages as may be practicable; and said school board may use a portion of the school money, not exceeding twenty-five per cent thereof, for the purpose of conveying scholars to and from such schools."

The directors are authorized by this provision to use a portion of the school money, not exceeding a certain per cent, for the transportation of scholars.    The permissive form of the provision is not conclusive as to the nature of the enactment.    It is to be construed as imposing an imperative duty if such was the purpose of the legislature.    That purpose is to be gathered from the language of the act, the nature of the subject-matter, and the ends sought to be accomplished.    The end sought here is equality of school privileges; but the statute clearly recognizes the fact that entire

equality is impossible of attainment, and that much must be left to the discretion of those in whose hands the administration of the law is placed. The differences in the number of scholars to be provided for, in the means available for the various demands of the work, in the proximity of schools and the condition of roads, and in the ages and strength of scholars, are such as to induce a belief that absolute rules would be more likely to work injustice than the exercise of official discretion. We think it was obviously the intention of the legislature to leave the question of transporting scholars to the discretion of the school directors.

*Petition dismissed with costs.*

Thompson, J., was absent in county court.