[No. 4829.]

THE PEOPLE EX REL. HART v. THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER AND MALONE, JUDGE.

1. **Judgments—Vacating After Expiration of Term.**

   After the expiration of the term of court at which a judgment is rendered, it is not competent for the court to vacate or set it aside, except as authorized by section 75 of the code, which authorizes the court to relieve a party, or his legal representatives, from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, and when, for any cause satisfactory to the court, the party aggrieved was unable to apply for relief during the term at which the judgment was rendered, provided application for such relief is made within six months after the adjournment of the term.

2. **Same—Jurisdiction.**

   The district court has no jurisdiction to vacate or set aside a judgment upon an application made more than six months after

the expiration of the term of court at which it was rendered, unless the judgment is void. A void judgment may be set aside on motion without respect to the time the motion is made.·

**3. Practice—Rules of Court—Setting Case for Trial—Judgments —Vacating—Jurisdiction.**

The rules of the district court required notice of application to set a case for trial to be served on the adverse party, and also provided that if a case was not reached for trial at the term for which it was set, it would be reset at the following term in its order without notice. A cause was set for trial upon notice. It was not reached for trial at the time it was set, and, upon application, was transferred to another division of the court, and the parties filed a stipulation that the case might be set for trial at the convenience of the court after a certain date. The court, without notice, set the case for trial on the day named in the stipulation after which it should be set. The plaintiff failed to appear, and defendants appeared, proceeded to trial and took judgment against plaintiff. Held, that the court was not bound by the stipulation as to the setting of the case, and could set the case for trial at its own convenience without notice to the parties; that the judgment rendered was not void, and, after the expiration of six months from the adjournment of the term, the court had no jurisdiction to vacate or set aside such judgment.

**4. Judgments—Vacating—Prohibition.**

Where a district court has ordered the setting aside of a valid judgment upon an application made more than six months after the expiration of the term of court at which it was rendered, the supreme court will issue a writ of prohibition requiring the district court to take no further steps in the cause and to set aside its order vacating the judgment.

*Original Proceeding on Application for Writ of Prohibition:*

Messrs. FILLIUS & DAVIS, for petitioner.

Mr. GEORGE W. ALLEN and Mr. JOHN H. GABRIEL, for respondents.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

An action was brought in the district court against Margaret Hart and others. After the

defendants appeared and the issues were settled, the defendants made application, upon notice and in accordance with the rule of court, to have the cause set for trial, and the court made an order setting the case for trial on a certain day. When the time thus set arrived, the court was occupied with other business and could not enter upon its trial, and before the same was reached in its order an application for a change of venue was made and granted, and the cause transferred to another division of the same tribunal. After the transfer was made, the parties, on December 8, 1902, stipulated, in writing, which was filed in court, that the cause might be set for trial on the merits as soon as convenient to the court after January 15, 1903. On December 9 the cause was set for trial for January 15, 1903, one day earlier than the stipulation of the parties contemplated. For aught that appears to the contrary, the court fixed the day of trial of its own motion, it not appearing that an application therefor was made by either of the parties.

The rule of the court, applicable to this subject, provides that cases which are set for trial, and not reached during the term for which they are set, will be reset, without notice, for the term following, in the order in which they were previously set.

Upon the day of trial the plaintiff did not appear, and the defendants, who were present, introduced their evidence, and the court made findings upon which judgment was rendered in their favor and against plaintiff. This judgment was pronounced at the January, 1903, term of court, which, by limitation of law, expired on the 7th day of April, 1903. No appeal or writ of error has been prosecuted by the plaintiff, and no further step was taken in the case for more than a year after the rendition of the judgment, and more than nine months after the expiration

of the term when it was rendered. The plaintiff then, on January 18, 1904, filed his motion to set aside the judgment upon the ground that the same had been entered without authority of law, in that the trial was had in advance of the stipulated time. On the showing made, the district court being of opinion that the judgment was entirely void, and not merely voidable, vacated the same.

The rule at common law was that after the expiration of the term at which a judgment is rendered, it is not competent for the court to vacate or set it aside. Unless changed or abrogated by statute, it would be the same with us. Section 75 of our code of civil procedure authorizes a court to relieve a party, or his legal representative, from a judgment taken against him through mistake, inadvertence, surprise, or excusable neglect, and when, for any cause satisfactory to the court, the party aggrieved has been unable to apply for relief during the term at which the judgment was entered, the court may grant the relief upon application, *provided* the same is made within six months after the adjournment of the term. If the ground upon which the relief here was granted is within the purview of the section, clearly the act of the district court in vacating the judgment was without jurisdiction. The learned district judge, realizing that, if the application was upon any of the grounds included in the foregoing section, it came too late, expressly predicated his ruling upon his conclusion that the judgment is absolutely void. He concedes that his action therein can be justified only in case the judgment set aside is void. It seems that if a judgment is void, it may, as a general rule, be vacated, on motion, without respect to the time of application.—1 Black on Judgments, section 307. The particular point ruled was that plaintiff had not had his day in court because the

trial of his case was had, and judgment therein rendered, one day earlier than the time the stipulation provided for the setting of the cause.

The want of notice for which a judgment may be vacated does not mean an absence of notice of the time set for trial, unless some statute expressly so provides. The want of notice, for lack of which a court may vacate a judgment, means that notice which is essential to give the court jurisdiction over the person of the judgment debtor. Here the court undoubtedly had jurisdiction of the subject-matter, as well as the person of the plaintiff, who subjected himself to the court's authority when he instituted the action. If the court was in error in trying the cause and rendering judgment sooner than should have been done under the stipulation of the parties, that was an error which it committed in the exercise of its undoubted jurisdiction, both over the subject-matter and the parties. The court was not, under any statute or rule, bound by the stipulation of the parties, certainly unless it approved the same, and might, under the facts of this case, entirely disregard their pleasure, and bring the cause to trial, without notice, to suit its own convenience.

Sections 175 and 176 of our civil code do not require that notice shall be given to bring a cause to a trial or hearing.—*Cochrane et al. v. Parker*, 12 Colo. App. 169.

The rules of the district court, however, do make such provision. This notice was given by the defendants at a former term, and the cause was set for trial, in the first instance, upon due notice. The rule, as we have said, provides, in such a case, that if the cause is not reached during the term for which it was set, it may, at the following term, be brought on for trial without notice, and the court, of its own motion, may set it down for trial, which seems to

have been the case in this instance. The judgment, therefore, was not void, but, on the contrary, clearly within the jurisdiction of the court, even if erroneous, as to which we express no opinion. That being so, it was beyond the jurisdiction of the same court, after the expiration of six months from the adjournment of the term at which judgment was rendered, to set it aside. This was expressly ruled in *Elder-v. Richmond G. & S. M. Co.*, 58 Fed. 536, by the United States circuit court of appeals of the 8th circuit, in passing upon section 75, and it is in accordance with the general doctrine.—1 Black on Judgments (2d ed.), sections ·306 to 324; 1 Freeman on Judgments (4th ed.), section 96 *et seq.*

The rule to show cause should be sustained, and a permanent writ issued requiring the district. court to take no further steps in this cause, and to set aside its order vacating the judgment.

*Writ allowed.*

Chief Justice Gabbert and Mr. Justice Steele concur.