STATE EX REL. HAPPEL, PLAINTIFF, *v.* DISTRICT COURT, DEFENDANT.

(No. 2,629.)

(Submitted November 30, 1908. Decided January 18, 1909.)

[99 Pac. 291.]

*Mandamus—Divorce — Decree — Setting Aside — Action — Assumption of Jurisdiction—Summons—Service—Guardians ad Litem—Appointment—Discretion.*

Insane Persons—Divorce—Summons—Personal Service.
1. In order to clothe the district court with jurisdiction in a suit for divorce brought by the wife against her insane husband, summons must have been served upon the latter personally. (Revised Codes, sec. 6519, subsecs. 5, 7.)

Judgments—Setting Aside.
2. Though a judgment void on its face may be set aside on motion at any time, this may not be done where the judgment is fair on its face, the infirmity of which must be made to appear by evidence *dehors* the record.

Same.
3. The power of the district court to vacate or modify a judgment fair on its face ceases at the expiration of six months after its entry.

Same—Divorce—Setting Aside—Failure to Pursue Remedies—Independent Suit.
4. Where an appeal from a decree awarding a divorce to the wife of an insane husband, claimed to be void by reason of nonservice of summons on the defendant personally, would have been of no avail because the defect in the service of summons did not appear in the record, and even though a motion to vacate the decree, fair on its face, was not made within six months from its entry, the daughter of the incompetent was not precluded from thereafter bringing an independent suit, as next friend, to have the decree set aside, his general guardian having refused to act.

Same—Motion to Set Aside—Statute—Applicable to Judgments and Decrees.
   5.   There being no distinction between judgments at law and decrees
in equity, except as to the character of relief granted by them, section
6589, Revised Codes, authorizing vacation of judgments fair on their
face, within a reasonable time not exceeding six months, applies to both,
subject to the rule that a court of equity will not interfere so long as
there is another subsisting adequate remedy.

Divorce—Decree—Vacation—Summons—Defective Service.
   6.   A decree of divorce, secured without personal service of summons
on a defendant insane person, may be vacated, the same as any other
judgment, for want of jurisdiction in the court to render it.

Insane Persons—Divorce—Guardians *Ad Litem*—Appointment—Discretion—
   *Mandamus.*
   7.   The daughter of her insane father filed on his behalf, as next friend,
a complaint demanding judgment that a decree of divorce, granted to
the wife of the incompetent, be set aside because personal service of
summons had not been made upon him, and asked that the court ap-
point a guardian *ad litem* to prosecute the action, his general guardian
having refused to act. This request was refused on oral objection.
*Held*, on application for writ of mandate, that conceding that the
power of the district court to appoint a guardian *ad litem* is discre-
tionary (Revised Codes, sec. 6481), such discretion does not extend to
a refusal *in limine* to make the appointment and assume jurisdiction,
when a *prima facie* right to prosecute the action is made to appear.

District Courts—Discretion—When Put in Motion.
   8.   Before a district court can exercise judicial discretion, there must
be facts and circumstances to put it in motion.

*Mandamus*—Actions—Assumption of Jurisdiction.
   9.   *Mandamus* lies to compel a district court to assume jurisdiction of
an action, where, through an erroneous determination of a preliminary
question of practice or procedure, the court refused to act, and no other
remedy was available.

PETITION by the state on the relation of Hattie F. Happel for
*mandamus* to district court of the ninth judicial district in and
for Gallatin county.   Writ issued.

*Mr. John A. Luce,* for Plaintiff.

*Messrs. Walrath & Patten,* for Defendant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

*Mandamus.*   Henry F. Toepper and Albertine Toepper, hus-
band and wife, resided in Gallatin county.   On November 16,
1901, Henry F. Toepper was by the district court of said county
adjudged insane, and committed to the custody of the state con-
tractors for the care of the insane, in the insane asylum at Warm

Springs, Deer Lodge county. This judgment has never been reversed or set aside, and the said Toepper has been since the date mentioned, and still is, confined in the asylum. On April 10, 1907, Albertine Toepper, being still a resident of Gallatin county, brought her action in the district court of that county to secure a decree of divorce from her husband, the ground therefor alleged in her complaint being cruel treatment by her husband. Accompanying the complaint was an application for the appointment of a guardian *ad litem* to make defense to the action, the application alleging that said Toepper had been adjudged insane and that he was a proper party defendant. The summons issued in this action was never served on the defendant Toepper. The court, however, appointed a guardian *ad litem,* and summons was on April 15 served upon him. This was the only service ever made. On April 22 the guardian appeared in the action for the defendant by filing a demurrer to the complaint. On May 31 the demurrer was overruled. On June 15 the default of the defendant for want of answer was entered. On the same day, upon evidence submitted by the plaintiff, the court decided that she was entitled to the relief demanded, and rendered and caused to be entered a decree in accordance with its decision. No proceedings were instituted by anyone on behalf of the defendant to set aside the decree, until the action was brought out of which this proceeding grew, Charles Papke, his general guardian, appointed subsequent to the entry of the decree, refusing to take any steps in the matter. On April 3, 1908, the plaintiff herein, the daughter of Toepper, filed a complaint as next friend of her father, setting forth the facts above recited, naming Albertine Toepper defendant therein, and demanding judgment that the decree of divorce be set aside on the ground that the same had been entered without jurisdiction. Accompanying the complaint was an application alleging that the general guardian had refused to bring the action, and asking that a guardian *ad litem* be appointed to prosecute it on behalf of her father. Summons having been issued and served upon Albertine Toepper, counsel for plaintiff

herein brought her application for the appointment of a guardian to the attention of the court. The defendant had, in the meantime, appeared by counsel and interposed a demurrer to the complaint on several grounds, among them that it did not state facts sufficient to constitute a cause of action. Counsel for Albertine Toepper orally objected to the appointment of a guardian. The ground of the objection does not appear, nor was any evidence submitted in support of it. Thereafter, on May 4, 1908, the court made an order refusing to make the appointment. Thereupon the plaintiff filed a verified petition in this court, embodying a statement of all the foregoing facts and proceedings, and praying for a writ directing the district court to assume jurisdiction by the appointment of a guardian to prosecute the action instituted by her. In response to notice of the application, the Honorable W. R. C. Stewart, judge of the district court, filed his verified answer admitting the truth of the statements set forth in the petition, but denying the legal conclusion stated therein, that, by his action in refusing to appoint a guardian to prosecute the action of *Toepper* v. *Toepper*. he wholly denied Henry F. Toepper his day in court to submit and have his rights determined with reference to the action of divorce wherein the decree was entered against him.

The demurrer was not submitted to, nor were the questions raised by it determined by the court. The theory upon which the order refusing to appoint the guardian was made, was that the application was addressed to the discretion of the court, and that, in refusing to appoint the guardian and allow the cause to proceed, no substantial right was denied to Henry F. Toepper. That this was the court's theory is apparent from the answer filed to the petition in this court, and the contention made by counsel at the argument that its action was justified by the fact that no showing of special circumstances was made by plaintiff to move the court's discretion.

Though the petition alleges that the decree in the action for divorce is void, it is not in fact so upon the face. Summons should have been served upon the defendant personally. (Re-

vised Codes, sec. 6519, subds. 5, 7.)   Under a similar statute in California, it is held that the court has no jurisdiction to appoint a guardian *ad litem* for an incompetent defendant until he has been brought into court by personal service of summons (*Sacramento Savings Bank* v. *Spencer,* 53 Cal. 737; *Redmond* v. *Peterson,* 102 Cal. 595, 41 Am. St. Rep. 204, 36 Pac. 923), and this seems to be the rule generally (*Taylor* v. *Lovering,* 171 Mass. 303, 50 N. E. 612; 22 Cyc. 1236).   But it is not necessary to pursue the inquiry as to the order of procedure in such cases.   In any event, under either of the provisions of the statute, *supra,* personal service upon the incompetent was necessary to confer jurisdiction to proceed to decree.   But while all this is true, in view of the presumptions which must be indulged in favor of the decree, upon the facts alleged, it is voidable only.   Nothing appearing to the contrary, we must presume that the complaint upon which it is based states a cause of action, for we may not presume that the decree would otherwise have been granted.   This being so, and there having been an appearance thereto by demurrer on behalf of the defendant, the decree is upon its face valid.   The summons with the return thereon is no part of the judgment-roll in such cases.   (Revised Codes, sec. 6806, subd. 2.)   Hence there is nothing upon the face of the record to reveal any infirmity; for this provision does not require the summons with proof of service to be made a part of the record in any case, other than those falling within the exception stated, and the exception does not include this case.   Under these circumstances, whether this court should grant the relief demanded by the plaintiff depends upon the solution of two questions: (1) Does an action in equity lie in favor of Toepper to set aside the decree, and, incidentally, does it rest entirely within the discretion of the district court to say, *in limine,* whether he may bring and prosecute it?   And (2) is *mandamus* the proper remedy?

1. That such an action lies, under the circumstances existing here, we have no doubt.   Not only is there no other adequate remedy, but in fact no other remedy.   Assuming, as we must,

that the decree is valid on its face, an appeal, though it lay at
the time application was made for the appointment of the guard-
ian *ad litem* by plaintiff, could not be effective, for the reason
that the defect in the service of summons does not appear from
the record. Nor could relief be had by motion in the district
court, for the same reason; for, though a judgment void on
the face may be set aside on motion at any time (*Palmer* v. *Mc-
Master,* 8 Mont. 186, 19 Pac. 585; *Harvey* v. *Whitlatch,* 2 Mont.
55; *State ex rel. Johnston* v. *District Court,* 21 Mont. 155, 69
Am. St. Rep. 645, 53 Pac. 272; *State ex rel. Cope* v. *Minar,* 13
Mont. 1, 31 Pac. 723; *People* v. *Greene,* 74 Cal. 400, 5 Am. St.
Rep. 448, 16 Pac. 197; *Ex parte Crenshaw,* 15 Pet. 119, 10 L.
Ed. 682; *People ex rel. Hart* v. *District Court,* 33 Colo. 405,
80 Pac. 1065; 1 Freeman on Judgments, 98), this rule does not
apply to judgments fair on their face, the infirmity of which
must be made to appear by evidence *dehors* the record. Under
the statute (Revised Codes, sec. 6589), the motion in such cases
must be made within a reasonable time after the date of the
entry of judgment, but in no case exceeding six months, and
the statute is the limit of the court's power in such cases. After
the expiration of the time limit fixed therein, the power of the
court over the judgment absolutely ceases, and it is without
jurisdiction to vacate or modify it. (*Canadian & Am. Mort-
gage & Trust Co.* v. *Clarita Land & Investment Co.,* 140 Cal.
672, 74 Pac. 301; *People ex rel. Schwartz* v. *Temple,* 103 Cal.
447, 37 Pac. 414; *Young* v. *Fink,* 119 Cal. 107, 50 Pac. 1060;
*Schwarz* v. *Oppenheimer,* 90 Ala. 462, 8 South. 36; *People ex
rel. Hart* v. *District Court,* 33 Colo. 405, 80 Pac. 1065; 23 Cyc.
907.) Toepper, therefore, has no remedy by motion. Is he to
be denied relief because he did not proceed under the statute
within the six months? We think not. While it might with pro-
priety be said that, if the action had been brought within the
six months, relief should have been denied on the ground that
he had an existing adequate remedy at law, the fact that pro-
ceedings were not taken in his behalf under the statute is not
a conclusive reason why relief should be denied him now. In

*Bibend* v. *Kreutz et al.*, 20 Cal. 110, in considering a condition similar to that presented here, Mr. Justice Cope said: "The assistance of equity cannot be invoked so long as the remedy by motion exists; but when the time within which a motion may be made has expired, and no laches or want of diligence is imputable to the party asking relief, there is nothing in reason or propriety preventing the interference of equity." He quotes from Story's Equity Jurisprudence, section 885, with approval, as follows: "In general, it may be stated that in all cases, where by accident, or mistake, or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage which he has thus improperly gained."

In this state the statute applies to judgments at law as well as decrees in equity. No distinction is made between them, except as to the character of relief granted by them. They are both judgments within the meaning of the statute. (*Raymond* v. *Blancgrass*, 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976.) And whether the application for relief be denominated, technically, a bill of review or an original bill in equity, the relief will be granted against them subject to the rule that a court will not, in the exercise of its equity power, interfere so long as there is another subsisting adequate remedy. As has heretofore been pointed out, relief cannot be had under the statute; nor is there any remedy other than an action in equity. *Certiorari* will not avail, because the defect of jurisdiction does not appear upon the face of the record. If it did, the judgment would be void upon the face of it, and it would be open to attack by motion invoking the power of the court to clear its record of that which purports to be a judgment, but which is in fact not such.

We do not see that a decree of divorce rests upon any other or different ground than any other judgment determining the property or personal rights of the defendant, when it has been

obtained as it seems was the decree in this case. The courts and text-writers make no distinction. (Freeman on Judgments, sec. 489; *Johnson* v. *Coleman,* 23 Wis. 452, 99 Am. Dec. 193; *Newcomb's Exrs.* v. *Newcomb,* 13 Bush (Ky.), 544, 26 Am. Rep. 222.) While here the attack upon the decree is direct on the ground of a want of jurisdiction (*Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879), and that in the case of *Newcomb's Exrs.* v. *Newcomb* was collateral, the remarks of the court in that case, involving, as it did, a decree of divorce obtained without notice, upon the right of a defendant to be heard before he is finally concluded, are pertinent here: "Everyone whose rights are to be affected by a judicial proceeding must have his day in court. This is one of the fundamentals of the law, and, when a judgment has been rendered without citation or summons, there must be some remedy afforded the party complaining." The principle embodied in this statement has been enforced by this court, though in proceedings of a different nature. (*State ex rel. Gemmell* v. *Clancy,* 24 Mont. 359, 61 Pac. 987.) It is not necessary to cite authorities in support of it.

It is not our purpose here to discuss the character of the allegations necessary to be made in order to obtain relief in this or any other character of case. The questions touching the sufficiency of the complaint filed by the plaintiff in the district court are not before us, because the demurrer was never submitted to nor decided by that court. It decided *in limine,* upon the oral objection of the defendant named therein, that it would not appoint a guardian and assume jurisdiction to determine the case on the merits. As we have seen, resistance is made to the granting of any relief by this court, by the assertion of the proposition that it rested in the discretion of the court or judge to allow the case to proceed. And this brings us to the consideration of the incidental question, whether this assertion is correct.

It cannot be doubted that if Henry F. Toepper were *sui juris,* he would have the absolute right to bring his action to have the

decree vacated. The court would not be permitted to reject his application *in limine,* without hearing, either upon the sufficiency of the facts stated, or after issue made, upon the sufficiency of the evidence tendered by him in support of the case made by his pleading. Can it be said that because he has become a helpless incompetent his rights may be taken away without notice, and that he may not thereafter be heard to complain because the judge of the court to which he happens to apply has an exclusive discretion vested in him by law to deny the right, and that, too, without the statement of any pertinent fact or circumstance invoking such discretion? An incompetent, whether plaintiff or defendant, must appear either by his general guardian, or, in case he has none or the guardian fails or refuses to appear, by a guardian *ad litem* appointed by the court. (Revised Codes, sec. 6481.) The guardian *ad litem* is appointed upon the application of a friend or relative, or by one of the parties to the action. We apprehend that, in all cases where the incompetent is plaintiff, the application should be made by a relative or friend. (Revised Codes, sec. 6482.) From the use of the word "may," in the last sentence of section 6481, *supra,* wherein it is declared that "a guardian *ad litem* may be appointed," etc., it is argued that the power to appoint is discretionary in any case, it being the intent of the statute that the presiding judge should, in all cases in which infants or incompetents are parties plaintiff, determine in the first instance whether they, being in a sense wards of the court, should be permitted to engage in expensive litigation, or whether, when, as in this instance, there is a general guardian, his judgment as to the propriety of bringing the action should be overruled and disregarded. It may be remarked that if the appointment of a guardian *ad litem* on behalf of a plaintiff infant or insane incompetent is lodged in the discretion of the district court exclusively, the same rule would apply to the power of appointment of such a guardian on behalf of an infant or insane defendant, because the language used is general and applies to both plaintiffs and defendants belonging to this class. This is clearly not the meaning of the statute. To what ex-

tent, however, if any, this view should be upheld, we shall not undertake to decide definitely. Under the facts presented, the necessity does not arise. The assertion of the defendant in this regard may be conceded for the purposes of this case.

There was filed on behalf of the incompetent a complaint showing a clear violation of his personal rights. Evidently, the sufficiency of the statements therein to invoke the power of the court to grant the relief demanded was not considered. Indeed, it could not be considered, because their sufficiency was never questioned. It was shown that the action could not proceed without the guardian, because the general guardian, it appeared, had refused to act. In the absence of a showing to the contrary of facts and circumstances appealing to the alleged discretion of the court, there was nothing to put it in motion to deny an application which was *prima facie* sufficient. The action of the court amounted to such an abuse of discretion as that it may be said to have been arbitrary. (*State ex rel. Robinson* v. *Clements,* 37 Mont. 100, 95 Pac. 845.) It is undeniable that it is the intent of the statute that the court should exercise a broad discretion in the selection of the person who shall represent the infant or insane incompetent; but the discretion to be exercised in respect of permitting or refusing to permit the action to proceed, by appointing or refusing to appoint a guardian, if there be any, does not extend to a refusal to make the appointment and to assume jurisdiction of the action when a *prima facie* right to prosecute it is made to appear. It may well be maintained that it is the duty of the court to guard carefully the rights of those who cannot act upon their own judgment because they are *non sui juris.* The discretion in this regard, however, is to be directed rather to the situation developed by the proceeding itself after the court has taken cognizance of the merits, than to a determination *in limine* of the rights involved and without knowledge of the merits. Courts have discretion in this regard. (*Robinson et al.* v. *Talbot et al.,* 25 Ky. Law Rep. 1914, 78 S. W. 1108.)

2. Is *mandamus* the proper remedy? The action of the court was evidently based upon a misconstruction of the statute as

to its duty in the premises. It was tantamount to a refusal to take jurisdiction of the action and proceed, under this mistaken construction of the law. Mr. High, in his work on Extraordinary Legal Remedies, says: ''A distinction is recognized between cases where it is sought by *mandamus* to control the decision of an inferior court upon the merits of a cause, and cases where it has refused to go into the merits of the action, upon an erroneous construction of some question of law or of practice preliminary to the final hearing. And while, as we shall see, the decision of such court upon the merits of the controversy will not be controlled by *mandamus,* yet if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, *mandamus* will lie to compel it to proceed.'' (Section 151.) This language was quoted with approval by this court in *Raleigh* v. *District Court,* 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991, to support the conclusion of the court that *mandamus* will lie to compel a district court to assume jurisdiction and proceed in its regular exercise whenever, through an erroneous determination of a preliminary question of practice or procedure, upon which the court refused to examine the merits, it has refused to proceed. In that case was involved the question whether, upon the refusal of a district court to entertain a second contest of a will filed in time, but after a former contest had been dismissed on the ground that it did not state sufficient facts, *mandamus* would lie to compel it to assume jurisdiction and proceed. This court held that, since an appeal did not lie, *mandamus* lay to compel the district court to take jurisdiction of the case and proceed. That case cannot in principle be distinguished from this case.

We think *mandamus* is the proper remedy, and therefore direct a peremptory writ to issue commanding the district court to proceed in accordance with the views herein stated.

*Writ issued.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.