[No. 7428.]

## MOREFIELD V. KOEHN.

1. CERTIORARI—*Petition—Answer—Proceedings—Trial by Record* —In proceedings in certiorari under chapter 29 of the code, the petition is taken as true. No answer is required. Counter affidavits or parol evidence are not received to contradict it; nor is even the record of the inferior court. When the writ issues, the petition has served its purpose. If the writ is granted without notice, the question of the propriety of its allowance may be tried on motion to quash, before return made.

The cause is tried upon the record of the inferior court. Where it appears that the inferior court had jurisdiction of the subject matter of the action, and of the person of the defendant, and regularly pursued its authority, and there was no great abuse of discretion, the judgment is to be affirmed.

2. PRACTICE—*Setting Cause for Trial*—Where there is no rule of the court to the contrary a cause may be set down for trial as soon as brought to issue without notice to the parties.

3. PRACTICE IN THE SUPREME COURT—*Presumptions*—The recitals of the record of the inferior court not in any way contradicted, are taken as true.

*Error to Montezuma District Court.*—Hon. CHARLES A. PIKE, Judge.

Mr. W. F. MOWRY, for plaintiff in error.

Mr. H. M. HOGG, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

In a proceeding in *certiorari,* the district court of Montezuma county annulled a judgment of the county court that had been rendered in favor of Guillet Brothers against Laura H. C. Koehn. In response to the writ from the district court, the judge and ex-officio clerk of the county court certified the county court record in the case to the district court. It was then the duty of the district court to try the matter upon the record so certified, and not upon the allegations of the petition for the writ, nor upon facts outside the record. *People v.*

*County Comrs.*, 27 Colo. 86.   Instead of doing this, the district court apparently tried the matter on the allegations of the petition, and, because certain of those allegations were not denied, took them as true and annulled the judgment.   The procedure to be followed in such cases becomes perfectly plain from a reading of chapter XXIX of the Revised Code, which relates to *certiorari*.   The application for the writ shall be made on affidavit.   The parties to this case and lawyers generally denominate this application a petition.   When the writ is granted and the inferior tribunal has certified the record the petition has served its purpose, for, as this court has said, the matter then proceeds on the record returned.   The code does not require an answer of any kind to the petition.   Sec. 332 says that the court to whom application is made for the writ may require a notice to be given to the adverse party, or may grant an order to show cause why the writ should not be allowed, or may grant the writ without notice.   If notice is given or an order to show cause is granted the application may be resisted upon the ground that the petition is insufficient, or that the court is without jurisdiction to issue the writ, or that there is an appeal, or a plain, speedy and adequate remedy, or any other ground, if there be one, showing that it is not a proper case for the writ.   The petition is inspected and taken to be true at this hearing.   Counter-affidavits, parol evidence, or even the records of the inferior tribunal are not considered. If the writ is granted without notice the question whether the case is a proper one for the issuance of the writ may be tried in the same way on a motion to quash made before the return. IV Ency. Pl. and Pr. 195-197.   This sufficiently demonstrates the functions of the petition.   If this was a proper case for the issuance of the writ, which we do not determine, the extent of the review upon the writ by the district court should have been to ascertain from the record whether the county court regularly pursued its authority.   Sec. 337, Rev. Code.   It is to be taken from sec. 331 that if the county court exceeded its juris-

diction, or the judge thereof greatly abused his discretion, the authority was not regularly pursued.

An inspection of the record of the county court, as returned, reveals the following conditions: On the 7th day of June, Guillet Brothers filed their complaint against Laura H. C. Koehn on a cause of action within the jurisdiction of the county court. On the 3d day of July, the defendant Koehn answered the complaint with a general denial. On the first day of the September term, which was the 8th day of September, the cause was set for trial upon the motion of plaintiffs' attorney for September 30th. On September 24th, after the case had been set for trial, the defendant filed a motion for leave to amend her answer. No affidavit was filed to support this motion. On the 30th day of September, the case was continued to the 5th day of October. On October 2d, the plaintiffs served notice on the defendant, calling up her motion to amend for October 5th. On October 5th, the case was continued until the 17th of October. On the 17th of October, the motion to amend was denied, the order denying the same reciting that the defendant had been duly notified that the hearing of the motion was set for that day and that she did not appear either in person or by attorney. And thereafter, on the 17th day of October, the case came on regularly for trial and judgment was rendered against the defendant. On the 5th day of December, a motion was made to vacate the judgment on the alleged grounds that the defendant had no notice that the cause would be tried on the 17th of October, and that it had never been regularly set for trial on that date. This was supported by an affidavit of the attorney for the defendant (who is not her attorney in this court), that he had no notice that the case would be tried on October 17th, and that neither he, nor his client, nor anyone to represent her were present at the trial, and also by the affidavit of defendant's husband that the defendant never had any notice that the case would be or was set for trial on October 17th. No affidavit of merits whatever appears in the record.

From this record it appears that the case was regularly set for trial and thereafter continued until the day the judgment was rendered. There was no rule of court requiring a notice of the setting of cases. The setting of the case, after it was at issue in the way it was, was regular.—*Cochrane v. Parker*, 12 Colo. App. 169; *The People v. District Court*, 33 Colo. 405.

The record recites that the defendant had due notice that her motion to amend would be taken up on the 17th of October. That recital is not contradicted in any way in the record, or otherwise, and under such circumstances, of course, must be taken as true, for such a presumption must be indulged in favor of the record of such a court as a county court. The matter most seriously complained of does not appear in the record of the county court, but only in the petition for the writ; therefore, it cannot be considered. It thus appears that the county court had jurisdiction of the subject matter of the action and the person of the defendant; that the cause was regularly set for trial and regularly continued; that due notice of every step taken was given to the defendant, and that it was her business to attend to her case.

Under these circumstances, the judgment of the district court must be and is reversed and the cause remanded with instructions to affirm the judgment of the county court.

*Reversed and Remanded with Instructions.*

Chief Justice Campbell and Mr. Justice Garrigues concur.