STATE EX REL. ROBINSON, RESPONDENT, *v.* DESONIA ET
AL., APPELLANTS.

(No. 5,254.)

(Submitted April 11, 1923. Decided May 5, 1923.)

[215 Pac. 220.]

*Mandamus—Schools and School Districts—Closing of Schools
Transportation of Pupils—Discretion.*

> 1. *Held,* that *mandamus* to compel school trustees of a district
> of the third class to rescind their action in closing two of the
> three schools in the district taken on the ground of the unfavorable
> financial condition of the district and on account of the removal
> of many families in the vicinity of those closed does not lie, the
> matter of maintaining or closing of any particular school or schools,
> as well as the furnishing of transportation of the children to another
> school, being addressed to the discretion of the board which cannot
> be controlled by *mandamus.*

*Appeal from District Court, Sheridan County; C. E. Comer,
Judge.*

APPLICATION for *mandamus* by the State, on the relation of
Stella Robinson against A. L. Desonia and others as members
of and constituting the Board of Trustees of School District
No. 40 of Sheridan County. From a judgment granting the
peremptory writ, defendants appeal. Judgment reversed and
cause remanded, with directions to dismiss the proceeding.

*Mr. Paul Babcock,* for Appellants, submitted a brief and
argued the cause orally.

*Messrs. Vollum & Paul,* for Respondents, submitted a brief.

MR. CHIEF COMMISSIONER FELT prepared the opinion
for the court.

In this case the relator petitioned the district court of Sheri-
dan county for a writ of mandate directed to the defendants
A. L. Desonia, Jack Wagner and G. L. Robinson, as members
of and constituting the board of trustees of school district

No. 40 of Sheridan county, Montana. The affidavit and petition filed October 7, 1922, sets forth the organization of the district and the official character of the defendants. It alleges that the relator is a taxpaying elector of said district; that more than twenty-three children of school age reside therein; that said district owns three schoolhouses, known as the Robinson schoolhouse, Daleview schoolhouse and Desonia schoolhouse; that each of said schoolhouses was constructed from public funds, and according to the plans and specifications approved by the state board of health of the state of Montana; that said district has sufficient available funds to enable it to maintain school at more than one schoolhouse in said district; that school is being maintained only at the Daleview schoolhouse, and no school is being maintained at the Robinson schoolhouse; that relator is the mother of four children of school age, residing near the Robinson schoolhouse and four and a half miles from the Daleview schoolhouse; that there are other children residing in the neighborhood of the Robinson schoolhouse and several miles from the Daleview schoolhouse; that the defendant board has made no attempt to employ a teacher or to maintain a school at the Robinson schoolhouse, and does not intend to maintain school thereat during the ensuing school year; and that it is the duty of the defendant board to employ a teacher and cause school to be opened and maintained at said Robinson schoolhouse.

Upon this petition an alternative writ of *mandamus* was issued, returnable October 14, 1922. The defendants appeared by answer on the return day. They admit many of the allegations contained in the petition. However, they take issue with the statements contained therein as to the financial condition of the district and the number of children residing in the vicinity of the Robinson schoolhouse. They set out quite in detail the indebtedness of the district and the funds available for all purposes. They allege that, since the three schoolhouses were built, a large number of families have removed from the district, taking with them a great many children of

school age, and that a majority of the remaining children reside in the vicinity of the Daleview school. They further allege that, at the annual meeting of the trustees of said school district, held in July, 1922, it was decided that it would be for the best interest of the district to maintain school in only one of the three schoolhouses, and that that be in the Daleview schoolhouse; that in so acting they have acted fairly, honestly and impartially in the exercise of their best judgment and discretion in the matter.

To this answer the relator made reply, and the cause came on for trial upon the issues thus raised. The respective parties introduced evidence in support of their various contentions. Thereafter the court entered judgment directing that a peremptory writ of mandate issue, commanding the defendants to forthwith convene as a board of school trustees and to take all necessary and proper steps to cause school to be opened at the Robinson schoolhouse with all convenient speed, and to be maintained thereat as long as there are sufficient available funds for holding school at the Robinson schoolhouse and the Daleview schoolhouse. From this judgment the defendants have appealed.

A writ of mandate may be issued to compel the performance [1] of an act which the law specially enjoins as a duty resulting from an office, trust or station. (Sec. 9848, Rev. Codes 1921; *State ex. rel. Stuewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485.) The sole question in this case is whether the defendants were under a legal duty to maintain school in the Robinson schoolhouse.

The respondent contends that there was such legal duty and that the defendants had no discretion in the matter. To support this contention, reference is made to section 1061, Revised Codes of 1921, providing: "That in districts of the third class, the schools shall be in session not less than four months in any school year." And section 1056, providing: "Every public school not otherwise provided for by law shall be open to the admission of all children between the ages of six and twenty-

one years residing in the school district.'' It is conceded that the district in question is one of the third class.

We cannot agree with counsel for the respondent as to the force of the statutes quoted. To do so we would be obliged to ignore entirely the provision of section 1010, which is as follows: ''That the trustees of any school district in the state of Montana, when they shall deem it for the best interest of all pupils residing in such district, may close their school and send pupils of the district to another district, and for such purpose are hereby empowered to expend any moneys belonging to their district for the purpose of paying for the transportation of pupils from their district to such other district or districts, and for the purpose of paying their tuition. Whenever the trustees of any school district in the state of Montana deem it for the best interest of such district and the pupils residing therein, they may expend any moneys belonging to their district for the purpose of paying for the transportation of pupils from their homes to the public school or schools maintained in such district.''

This statute empowers the trustees to close a school when they deem it for the best interest of all of the pupils of the district. It certainly would be absurd to suppose that there was any intention on the part of the legislature, in enacting this statute, to authorize the trustees to close the school only when the pupils are to be sent to another district. Manifestly they must have authority in a district, where more than one school has been established, to close all but one school and send all of the children to that one, when they deem it for the best interest of all the pupils. It will be observed that the trustees are also empowered to expend any moneys belonging to their district to pay for the transportation of pupils from their homes to the schools to which they are sent. This is an independent matter, also within the discretion of the trustees, and not a condition prerequisite to closing a school.

We think the intention of the legislature was to leave the matter of maintaining and closing schools as well as transporting pupils to the sound discretion of the trustees, selected by the people of the district. *Mandamus* does not lie to control discretion. (*State ex rel. Stuewe* v. *Hindson, supra; State ex rel. Koefod* v. *Board of Commrs.,* 56 Mont. 355, 185 Pac. 147; *Templer* v. *School Twp. of Ellisworth,* 160 Iowa, 398, 141 N. W. 1054; *Carey* v. *Thompson,* 66 Vt. 665, 30 Atl. 5.)

It has been argued that the discretion of the school trustees may be controlled by appeal to the county superintendent under section 966 of the Revised Codes. It is not necessary to a decision of this case to determine whether there is or is not such an appeal in a matter of this sort. All that we do say is that the courts of this state, in an extraordinary proceeding such as this, will not act as an appellate tribunal to control the discretion of the school authorities. As was suggested in *Carey* v. *Thompson, supra,* there are so many circumstances to be taken into consideration that absolute rules are more likely to work injustice than the exercise of official discretion.

The respondent relies upon *State ex rel. Bean* v. *Lyons,* 37 Mont. 354, 96 Pac. 922, and *State ex rel. Jay* v. *Marshall,* 13 Mont. 136, 32 Pac. 648. Those were cases involving the removal of schools without legal authority. Each case showed a clear legal duty and did not involve the exercise of any legal discretion. They have no application to the action of trustees in merely closing a school, which may be and often is only a temporary arrangement.

Since the relator did not show that the appellants were under a clear legal duty, specifically enjoined, to maintain school at the Robinson schoolhouse, the court erred in directing the peremptory writ of mandate to issue.

We therefore recommend that the judgment be reversed and the cause remanded to the district court of Sheridan county, with directions to dismiss the proceeding.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause remanded to the district court of Sheridan county, with directions to dismiss the proceeding.

*Reversed and remanded.*