STATE EX REL. ALTOP, PLAINTIFF, *v.* DISTRICT COURT
ET AL., DEFENDANTS.

(No. 5,638.)

(Submitted November 1, 1924.   Decided December 9, 1924.)

[231 Pac. 99.]

*Mandamus — Rendition of Judgment in Certiorari — When
Writ Proper Remedy.*

1.  Where defendant in a proceeding for a writ of *certiorari* after
return made filed a motion for judgment on the pleadings, which
motion was argued by the parties and submitted for decision,
and the court instead of rendering judgment as required by
section 9844, Revised Codes of 1921, made an order, nonappealable
in character, dismissing the proceeding, the writ of mandate
compelling it to render judgment is the proper remedy.

Original application for writ of mandate by the State, on
the relation of Violet Altop, against the District Court of the
Thirteenth Judicial District and Robert C. Stong, a Judge
thereof.   Writ issued.

*Mr. H. C. Crippen* and *Mr. F. G. Huntington,* for Relatrix,
submitted a brief and one in reply to that of Respondents;
*Mr. Crippen* argued the cause orally.

On the question of the remedy we earnestly contend that
the order of dismissal, as moot, was and is not an appealable
order and that *mandamus* is the remedy.   We cite the follow-
ing authorities which, we believe, amply sustain our position:
*State ex rel. Montana Central Ry. Co.* v. *District Court,* 32
Mont. 37, 79 Pac. 546.   Here this court held that where
after defendant's motion for judgment on the pleadings had
been argued and submitted, the court dismissed the action
without prejudice on plaintiff's motion, *mandamus* will lie to
require the court to reinstate the cause and determine defend-

---

1.  Private person's right to mandamus to enforce performance of
duty by court or magistrate, see notes in 9 **Ann. Cas.** 1074; **Ann. Cas.**
1912A, 1118.

ant's motion. This is a very close case, as they held in that
case that appeal from the order of dismissal (even if allow-
able) would not raise for review the question of defendant's
right to such judgment. In this case an examination of the
Revised Statutes in which the several matters from which an
appeal may be taken to the supreme court are set out, an ap-
peal from an order of dismissal on the grounds of the case
having become moot is not named. (*In re Weber,* 4 N. D.
119, 28 L. R. A. 621, 59 N. W. 523.) In this case the order of
dismissal was merely entered by the clerk in the order-book. No
final judgment was entered. In our case the same facts exist.
In the North Dakota case the court held that it was not a final
judgment and not an appealable order, and granted relief by
writ of *certiorari* but expressly did not decide that *certiorari*
was the remedy. (*State* v. *District Court,* 50 Mont. 1, 144
Pac. 564.) Order made staying proceedings after verdict held
no authority. *Mandamus* issued. (*Ketchum Coal Co.* v. *Dis-
trict Court,* 48 Utah, 342, 4 A. L. R. 619, 159 Pac. 737.)

*Mandamus* was issued to compel a court to take jurisdiction
of a case and to proceed to hear and determine it where the
court, without legal authority therefor, refused jurisdiction.
Where a court has heard a case and has made findings, *man-
damus* will lie to compel it to enter final judgment. (*Smith*
v. *Smith,* 103 Ohio St. 391, 133 N. E. 792.) Court in a di-
vorce action announced decision to grant decree to plaintiff
without causing decree to be entered in journal and defendant·
was entitled to writ of *mandamus* requiring judge to enter
decree in journal. (*Laird* v. *Terrell,* 32 Idaho, 734, 187 Pac.
1081.)

*Mandamus* will not issue to a district judge to control his
discretion but a writ will issue to require him to act in a
matter pending before him. (*State* v. *District Court,* 153
Minn. 521, 191 N. W. 416.) Action tried and submitted for
decision; court of its own motion ordered new trial without
deciding case. *Held,* order was without authority and of no
effect. *Mandamus* to compel court to proceed and decide the

case. (*Hanson* v. *Iverson,* 61 Utah, 172, 211 Pac. 682.) *Mandamus* will lie to reinstate an appeal to a district court improperly dismissed for want of jurisdiction. (*State ex rel. Seattle R. V. Ry. Co.* v. *Superior Court,* 123 Wash. 116, 212 Pac. 259.) Lower court held it had no jurisdiction. *Mandamus* granted to direct it to take jurisdiction. (*Golden* v. *Mitchell,* 107 Kan. 1, 190 Pac. 785.) *Mandamus* compelled district judge to determine a motion for a new trial granted where court thought he had no jurisdiction. (*Peterson* v. *Evans,* 55 Utah, 505, 188 Pac. 152.) *Mandamus* proper to compel district judge to take steps to bring case to trial. (*Mash* v. *Superior Court,* 192 Cal. 258, 219 Pac. 742.) Application for writ of *certiorari* to annul an order dismissing an appeal from justice court. Application treated as one for *mandamus* and peremptory writ granted. This is a late case and is of interest, as it shows that the court applied the remedy it thought suited to the particular facts set out in the petition. (*State ex rel. Goodloe* v. *Wurdeman,* 286 Mo. 153, 227 S. W. 64.) The supreme court in this case says: "We have repeatedly held where a trial court rules erroneously on a question of jurisdiction, declines to hear a case on the merits, appeal is not an adequate remedy and *mandamus* will lie." (*State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741.)

*Mr. M. J. Lamb,* for Respondents, submitted a brief and argued the cause orally.

The relatrix cannot invoke the remedy by *mandamus* from this court because she has a remedy by appeal. *Mandamus* cannot be invoked where the remedy by appeal exists. (26 Cyc. 173.) The rule has been followed strictly in Montana. (*State ex rel. Narcross* v. *Board of Medical Examiners,* 10 Mont. 162, 25 Pac. 440; *State ex rel. Wilson* v. *Willis,* 47 Mont. 548, 133 Pac. 962.)

Furthermore, the relatrix herein is asking this court to compel the lower court to correct or revise its order of Octo-

ber 17, 1924. In the case of *State ex rel. Wilson* v. *Willis, supra,* this court said: "In effect, we are asked by the writ to correct the judgment entered by the district court, but such is not the office of the writ." To the same point see *Stearns* v. *Superior Court,* 44 Cal. App. 285, 186 Pac. 390; *Millot* v. *Association, etc.,* 44 Cal. App. 271, 186 Pac. 378.

Whatever designation may be given to the order of the lower court, it must be considered as a final determination of the *certiorari* proceedings, and regardless of whether it may be a judgment, it is at least a final determination from which an appeal may be taken. (22 C. J. 1053.) An appeal may be taken from any order in an action or special proceeding which is final. (*State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613.)

An order to quash a writ of *certiorari* is final and appealable. (*Funkhouser* v. *Coffin,* 301 Ill. 257, 133 N. E. 649; *State ex rel. Town of South Range* v. *Tax Commission of Wisconsin,* 168 Wis. 253, 169 N. W. 555; *State ex rel. Gottshalk* v. *Miller,* 136 Wis. 344, 117 N. W. 809; *Moede* v. *County of Stearns,* 43 Minn. 312, 45 N. W. 435.)

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This is an original application for a writ of mandate directed to the district court of the thirteenth judicial district of the state of Montana, and to Robert C. Stong, a Judge thereof. The alternative writ was issued and the respondents answered. The pleadings are quite voluminous and contain much which we deem immaterial. The facts necessary to an understanding of the issues involved are:

That the relatrix is the proprietress of a hotel in the city of Billings, Montana, and in December, 1918, was granted a license to operate such hotel; that in the early part of 1924 proceedings were instituted before the city council of the city of Billings looking to the revocation of such license; that such

further proceedings were thereafter had in this matter before the city council that the city council on the first day of April, 1924, made an order revoking the license; that on the seventeenth day of June following the relatrix herein commenced an action in the district court of the thirteenth judicial district of the state of Montana, in and for the county of Yellowstone, against the city of Billings, the city council of such city, and the mayor thereof (which action is numbered 11835 in the records of the above-mentioned district court), by filing a petition in which it was prayed that a writ of review issue commanding the defendants therein· to certify to the district court all of the proceedings had before the city council of the city of Billings relating to the revocation of the license of the relatrix, and that, after a review of the proceedings of the city council, judgment be rendered annulling the order made by said city council revoking the license of relatrix; that on the seventeenth day of June, 1924, a writ of review was issued in accordance with the prayer of the petition; that thereafter a motion was filed by the defendants in such action No. 11835 to quash the writ of review, which motion was on the twenty-first day of July, 1924, denied; that on the last-mentioned date the defendants in action No. 11835 filed their return to the writ, and also on the same day filed a motion for judgment on the pleadings; that on the third day of October, 1924, counsel for plaintiff in cause No. 11835 filed a motion to strike certain portions of the return to the writ of review, which motion was denied; that the matter came on for hearing on October 3, 1924, upon the defendants' motion for judgment on the pleadings, and, as alleged in the petition filed in this court and admitted in the answer thereto, "thereupon the cause was argued and submitted upon the petition for a writ of review and the return thereto as made by the defendants"; that thereafter the respondent court made an order which was entered in the minutes of the court· dismissing the complaint in cause No. 11835. The order is as follows:

"This proceeding seeks to review the actions of the council of the city of Billings in their revocation of rooming house license 11011. This matter was also before the court in cause 11728, wherein plaintiff sought an injunction. I still adhere to my views as set forth in the order made by me in that case. However, the city treasurer informs me, and such is the fact, that license 11011, which is the subject of this controversy, expired on April 1, 1924. As such is the case, the question before the court is only a moot one; consequently the court refuses to decide the matter and dismisses this proceeding.

"I will, however, venture this opinion: That if the license would not expire until after this date, I would sustain the writ and annul the order of the council in revoking the license, on the ground that, while the statutes of Montana empower a city council to prescribe the manner of revoking a license, the city is without an ordinance prescribing the manner or method.

"Dated October 17, 1924.

"ROBERT C. STONG, Judge."

The minute entry is: "No. 11835. Violet Altop, Plaintiff, v. City of Billings et al., Defendants. In review of the action of the council of the city of Billings in their revocation of rooming house license No. 11011, court, finding that the said license expired April 1, 1924, refuses to decide the matter, and dismisses proceedings, and order dismissing proceedings is signed in open court."

The relief prayed by the relatrix is that the respondents be directed (a) to cancel and annul the order made on October 17, 1924, in cause No. 11835; (b) to reinstate such action; and (c) to enter judgment in favor of the plaintiff therein and against the defendants on the merits.

Section 9848, Revised Codes of 1921, provides: "It [writ of mandate] may be issued by the supreme court or the district court, or any judge of the district court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

What duty in relation to cause No. 11835 did the law enjoin
[1] upon the respondent court which it failed to perform?
The answer to this inquiry must be found in the proceedings
had in the respondent court in that cause. Looking thereto,
we find that defendants in that action filed a return to the
writ of review and on the same day filed a motion for judg-
ment on the pleadings. Later and on the same day this mo-
tion for judgment on the pleadings came on for hearing.
Plaintiff therein moved to strike certain parts of the return
to the writ, which motion to strike was denied. Then the
motion for judgment was argued, and, according to the ad-
mitted facts, the cause was submitted upon the writ of review
and the return thereto; that is, both parties rested. There
remained but one thing to be done by the court in that cause,
but one duty to be performed by it, namely, the rendition of
judgment.

Section 9844, Revised Codes of 1921, provides: "If the
return of the writ [of *certiorari*] be defective, the court or
judge may order a further return to be made. When a full
return has been made, the court or judge must hear the par-
ties, or such of them as may attend for that purpose, and may
thereupon give judgment, either affirming or annulling, or
modifying, the proceedings below."

The plain duty of the respondent court was to render judg-
ment in cause No. 11835 in accordance with the provisions of
section 9844, *supra,* but by the order of October 17, 1924,
*supra,* it refused to render judgment. The order of October
17 is not an appealable order. (Sec. 9731, Rev. Codes 1921.)
Section 9849 provides: "The writ [*mandamus*] must be issued
in all cases where there is not a plain, speedy, and adequate
remedy in the ordinary course of law."

By its refusal to render judgment the respondent court
failed to perform an act which the law specially enjoins as a
duty resulting from the office of district judge, and, the order
of October 17, *supra,* not being an appealable one, the relatrix
has no plain, speedy and adequate remedy in the ordinary

course of law.   In this situation the writ of mandate is the proper remedy.   (*State ex rel. Robinson* v. *Desonia,* 67 Mont. 201, 215 Pac. 220; *State ex rel. Duggan* v. *District Court,* 65 Mont. 197, 210 Pac. 1062; *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741; *State ex rel. Stuewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485; *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *State ex rel. Montana Central Ry. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546.)

The writ will issue, directing the respondent court to reinstate cause No. 11835, and to render judgment therein in accordance with the law.

*Writ issued.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK concur.