HOUSING AUTHORITY OF CITY OF BUTTE, RESPONDENT,
*v.* MURTHA ET AL., APPELLANTS.

(No. 8373.)

MURTHA, APPELLANT, *v.* HOUSING AUTHORITY OF CITY
OF BUTTE, RESPONDENT.

(No. 8374.)

(Submitted November 8, 1943.   Decided December 9, 1943.)

[144 Pac. (2d) 183.]

*Mr. John K. Claxton,* for Appellant,

*Mr. John B. McClernan* and *Mr. Floyd C. Fluent,* for Respondents submitted a brief; *Mr. Fluent* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This opinion decides two appeals which were argued and submitted together. The facts out of which both appeals arose are that the Housing Authority of the city of Butte by default judgment against Mrs. Anna C. Murtha condemned and paid for certain property belonging to her. She was paid $1,000 but contends that she was entitled to more. By both actions she seeks to set aside the default judgment in the condemnation proceedings. In the first appeal (No. 8373) she has an action in equity grounded upon the alleged failure to serve summons upon her in the condemnation proceedings. In the second appeal (No. 8374) she appears by motion in the condemnation proceedings, made after the demurrer had been sustained to her first action. In this appeal she also relies upon an alleged failure to serve summons.

The trial judge sustained a demurrer to the complaint in the first action and stated as his ground that the plaintiff, Mrs. Murtha, had pursued the wrong course—that her remedy was by motion in the original condemnation suit.

The trial court disposed of the second suit by denying the motion to vacate after a hearing from which it concluded that a service of summons was in fact made upon Mrs. Murtha.

In these two cases we have a situation where a defendant has asserted both her legal and equitable remedies in an effort to relieve herself from the effects of a judgment. It is clear that her legal relief is by way of section 9187, Revised Codes, which provides that: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." However, Mrs. Murtha did not ask for relief under section 9187 until a year

had elapsed. The district court nevertheless held a hearing on her motion and disposed of it by finding that personal service of summons was accomplished.

Under section 9187 it has been held that upon the expiration of the time limit fixed "the power of the court over the judgment absolutely ceases, and it is without jurisdiction to vacate or modify it." (*State ex rel. Happel* v. *District Court*, 38 Mont. 166, 99 Pac. 291, 294, 35 L. R. A., (n. s.) 1098, 129 Am. St. Rep. 636, and cases there ctied.)

Admitting for the purpose of argument that the complaint in the first action, or the equity action, states facts sufficient to withstand a demurrer, we are faced with the question of whether the finding of the district court on the motion to vacate, that the summons was actually served, precludes the defendant from a retrial of the same issue in the equity case. We must answer that question in the negative for the reason that the court's finding on the second case must be, and logically is, without effect since it has lost jurisdiction to entertain the motion. Hence we must conclude that the issue has never been determined.

The next question is whether the complaint in the first cause of action states grounds sufficient to warrant the equitable relief therein prayed for. The only objections presented to us in the record and briefs are, first, the ground stated by the court in sustaining the demurrer to the equity action, that "the complaint does not state facts sufficient to constitute a cause of action or entitle the plaintiff to equitable relief in that the plaintiff has a plain, speedy and adequate remedy by motion in the case mentioned in her complaint wherein the defendant here was the plaintiff and the plaintiff here and others were defendant;" second, that "nowhere in the complaint is there any allegation that the plaintiff has no plain, speedy and adequate remedy at law;" third, that there are no allegations of fact from which it can be ascertained that the plaintiff did not have knowledge of the proceedings or that she acted with the diligence required by equity nor are there any allegations to excuse the neglect.

The complaint in an equity action must contain allegations of ultimate facts which will allow the court to draw the conclusion that the plaintiff has no plain, speedy and adequate remedy at law. In *State ex rel. Stephens* v. *Zuck,* 67 Mont. 324, 215 Pac. 806, after stating the general rule of the availability of the equity remedy, as "It is elementary that one may not go into a court of equity * * * if he has an action at law which will afford him a plain, speedy, and adequate remedy for the wrong of which he complains," this court said: "Section 9129, Revised Codes of 1921, requires that the complaint contain 'a statement of the facts constituting the cause of action,' and to state a cause of action for an injunction it is indispensable that the complaint disclose the facts from which the conclusion can be drawn by the court that the plaintiff has no plain, speedy, or adequate remedy at law. (14 R. C. L. 331; 22 Cyc. 928)."

In 30 C. J. S., Equity, section 217, p. 671, it is said: "The bill must contain allegations of fact which show that the case as stated, and the relief asked, are properly within the jurisdiction of a court of equity, and that no adequate remedy at law exists." Does the complaint in the equity action state ultimate facts sufficient to permit the trial court to draw the conclusion that no adequate remedy at law existed? Plaintiff alleges "that more than six months elapsed before plaintiff learned of the said judgment or the entry of her default in said action and she had no opportunity to set aside such default or to set aside the judgment by motion or to relieve herself of the binding effects thereof, nor to protect her interest by proper appeal or any appeal from the award of said commissioners in making the assessment upon her said property, and she was required to move from and vacate said property by force." She further states "that plaintiff is advanced in years and is in poor health and after removal from said premises was sick and ill· and physically unable to investigate or cause an investigation to be made as to her rights in relation to said property, and not

until recently was she able to fully ascertain all of the facts relating to her said property and her rights therein.''

These allegations are entirely insufficient to show that there ▮▮ was not available to her by motion or otherwise a clear, speedy and adequate remedy at law. As we have said, a motion may be filed in the original cause under section 9187, Revised Codes, within one year from the entry of the judgment. Her allegation as to the six-month period is of course a negative pregnant from which the inference might be drawn that she did know within the year and her allegation concerning the time in which she actually knew of the entry of the judgment is so indefinite and inconclusive that it is completely inadequate to show lack of knowledge within the statutory period when the motions might have been made in the law action. While the trial court was in error in sustaining the demurrer upon the grounds that the legal remedy was available, its conclusion was correct by reason of her failure to state sufficient facts showing that the adequate legal remedy was not available to her.

Not only does the complaint fail to allege facts which would show that no legal remedy was available, but it is entirely deficient in showing any equitable grounds upon which relief could be afforded to the plaintiff. Equity, of course, aids only those who have been vigilant, and will refuse relief to one who has been dilatory or wanting in diligence in prosecuting his cause of action. (*Federal Land Bank* v. *Gallatin County,* 84 Mont. 98, 274 Pac. 288.) In order for plaintiff to have a standing in a court of equity, the facts warranting equitable relief must be made apparent from the allegations contained in the complaint. It is said in 19 Am. Jur. 188: ''It is not sufficient merely to allege ignorance; he must show when and how knowledge was obtained in order that the court may determine the question as to whether timely and reasonable efforts were made to ascertain the facts. If apparent laches is not thus explained and rebutted by the allegations of the bill a demurrer may be interposed.''

The complaint must state every fact and circumstance neces-

sary to entitle plaintiff to relief, and the bill must contain allegations of fact which show the case is properly within the jurisdiction of a court of equity and that no adequate remedy at law exists. Not only is this the case, but the allegations must be certain and specific so that the defendant may be informed of the basis upon which plaintiff relies for equitable relief. Here the allegations as to the fundamental matter of knowledge on the part of the plaintiff are completely inadequate to entitle her to relief. As we have indicated above, her complaint does not show specifically when she obtained knowledge of the judgment; not a single definite date is fixed which would show when she received payment under the condemnation order, when she removed from the property in question, what investigation, if any, she made, or with relation to any matter which defendant might in its answer specifically controvert. (See, generally, *Dunne* v. *Yund,* 52 Mont. 24, 155 Pac. 273; *Middle States Oil Corp.* v. *Tanner-Jones Drilling Co.,* 73 Mont. 180, 235 Pac. 770; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *Lovell* v. *Willis,* 46 Mont. 581, 129 Pac. 1052, and particularly *St. Paul Fire & Marine Ins. Co.* v. *Freeman,* 80 Mont. 266, 260 Pac. 124.)

The complaint in Cause No. 8374, then, being entirely insufficient, the demurrer thereto was properly sustained, and the judgment in that cause is affirmed. The judgment in Cause No. 8373 is affirmed.

Mr. Chief Justice Johnson and Associate Justices Anderson and Adair concur.

Mr. Justice Morris concurs in the result.

Rehearing denied January 11, 1944.