STATE ex Rel. NORTH AMERICAN LIFE INSURANCE CO., Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 7,367.)

(Submitted October 4, 1934. Decided October 8, 1934.)

[37 Pac. (2d) 329.]

524

*Mr. William M. Blackford*, for Relator, submitted a brief and argued the cause orally.

*Messrs. Belden & DeKalb*, for Respondents, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an original proceeding wherein a writ of supervisory control, or other appropriate writ, is sought directed to the district court of Fergus county and Stanley E. Felt, presiding

judge thereof. An order to show cause was issued on the filing of the verified petition, and the cause came on for hearing and argument on motion to quash the order and dismiss the proceeding.

It appears that on the nineteenth day of December, 1932, relator secured a judgment in the district court of Fergus county against the town of Moore in the sum of $13,008.75, and that no appeal was taken therefrom; that on December 31, 1932, relator obtained from the clerk of the district court a certificate showing the amount of the judgment and the date of its entry, together with a certified copy of the judgment; that on January 9, 1933, the certificate and the copy of the judgment were served upon the officers of the town of Moore; that on August 7, 1933, the town council of Moore passed an ordinance levying a tax of fifty mills for the tax year of 1933 to provide for the partial payment of the judgment; that in due process of law the sum of $1,675.46 was collected and paid on the judgment, and that there now remains due and payable thereon the sum of $12,488.18, with interest at six per cent. per annum from the third day of July, 1934; that subsequent to the last-named date there was submitted to a meeting of the town council a request by the attorney for relator that a levy of seventy-five mills be made on the taxable property in the town for the year 1934, and, when collected, that the proceeds be applied toward the payment of the judgment, but that the town council, without any reasonable cause or excuse, failed and refused to order or make any levy whatever for that purpose, and still fails and refuses, notwithstanding the injunctive provisions of section 5084, Revised Codes of 1921, requiring it to make such levy.

The affidavit sets out that there are insufficient funds in the general fund of the town of Moore with which to pay the judgment, or any part thereof, and that there is no money of the town which may or can be applied toward the payment of the judgment, and that there will be none without the levy; that the taxable property in the town of Moore for the year 1934 amounts to the sum of $61,432, and that the refusal of

the council to make the levy has deprived relator of the means of obtaining payment of its judgment, and that the relator has no plain, speedy or adequate remedy in the ordinary course of law.

Relator instituted mandamus proceedings in the district court, praying that a peremptory writ of mandate issue directed to the mayor and council of the town of Moore, commanding them to make a levy of not less than seventy-five mills on the taxable property of the town for the year 1934, the proceeds to be applied to the payment of the judgment. An alternative writ was granted by that court, and the matter came to a hearing on a motion to quash, filed by the respondents. The motion was based upon the grounds that the affidavit failed to state facts sufficient to warrant the issuance of the alternative writ of mandate; that the respondents in the mandamus proceeding did not have the right, power or authority to make any levy for the payment of the judgment on account thereof; that the issuance of the writ of mandate would subserve no purpose, and would operate to impede the orderly progress of the tax extensions in the county clerk's office, and would entail great hardship and embarrassment upon the officers; and that the demand for a levy of taxes for the year 1934 was too late and rightfully refused, as the town council had lost jurisdiction to make such levy. On September 22, 1934, the district court sustained the motion to quash on the grounds and for the reason that the town of Moore had it within its discretion to fund the indebtedness represented by the judgment of relator under the terms of section 5085, Revised Codes of 1921. Relator then obtained from this court the alternative writ mentioned above requiring the respondent court and judge to set aside its order and issue a peremptory writ of mandamus against the mayor and town council, commanding them to make a special levy of seventy-five mills and apply the proceeds upon the judgment.

In this case, the application for the writ of supervisory control must be viewed as in the nature of a summary appeal. (*State ex rel. Rubin* v. *District Court,* 62 Mont. 60,

203 Pac. 860; *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741.) It follows that if the decision of the trial court was correct in any view of the matter, this court will affirm that decision, regardless of the reasons given therefor as expressed by the trial court. (*Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 74 Pac. 938, 101 Am. St. Rep. 569; *O'Hanlon* v. *Ruby Gulch Min. Co.,* 48 Mont. 65, 135 Pac. 913.)

The matter submitted must be determined by a construction and the application of the provisions of two sections of the statutes of Montana (secs. 5084, 5085, Rev. Codes 1921). These sections read as follows:

"5084. On the certificate of a justice of the peace or the clerk of the court in which any judgment is rendered, showing the amount of the judgment and the date of its entry, the council must, by ordinance, direct that the amount of such judgment be paid out of the general fund, and that a warrant issue therefor on the general fund if there is sufficient money therein, exclusive of the appropriations for the current fiscal year, to pay the same, and the council must at the proper time levy and cause to be collected a tax on all the property of the city or town for the payment of such judgment within a period of three years from its presentation, if there is not sufficient money as aforesaid in the general fund to pay the same."

"5085. If any judgment rendered against any town·or city exceeds the sum of ten thousand dollars, the council may fund the same as other indebtedness against the city or town is funded."

Relator argues that it was the duty of the town council "to divide up the levy into three parts in three successive years and to include in such respective levies a sufficient amount of taxes which, when paid, will satisfy the judgment." No authority is cited to support that claim, nor is a reason for it found in the sections themselves. If it had been the intention of the legislature to require any specific levy in any given

year, such a mandatory provision could have been incorporated in the law. That it is not there is significant.

From all that appears in the law, it is manifest that the council was left with the discretion, in case there was not sufficient money in the treasury to pay the judgment, to levy a tax to cover the whole amount in one year, or to spread it over two or three years, as its judgment and the exigencies of the situation might dictate. The only specific mandate imposed upon the council in this respect is that levies should be made sufficient to pay the judgment within three years. The amounts to· be levied and the time or times of making them are obviously left to the discretion of the council.

The legislature, however, was not satisfied to leave an imperative obligation resting upon a city or town to raise the money and pay the judgment in three years, as provided in section 5084, supra, standing alone. So section 5085, supra, was enacted to provide a further alternative. That section authorizes the funding of judgments exceeding $10,000 in amount. So that, when the two sections are read together, we find five different plans authorized for the payment of a judgment against a city or town, four of the five plans being optional, and the fifth being mandatory only if there is sufficient money in the treasury to pay the judgment. Here the amount still unpaid on the judgment is over $10,000.

The application for a writ as presented to the district court and the demand of relator there and here are specific. The relator company demands that the council be required to make a specific levy of seventy-five mills for the current year. Relator does not demand that the council act generally, but that it do a specific and certain thing. Mandamus will always lie to compel the performance of an act which the law specifically enjoins as a duty resulting from an office. (Sec. 9848, Rev. Codes 1921.) Such a duty must be a clear legal duty. (*State ex rel. Breen* v. *Toole,* 32 Mont. 4, 79 Pac. 403; *State ex rel. Donlan* v. *Board of Commissioners,* 49 Mont. 517, 143 Pac. 984.)

As we have already observed, the council is here vested with discretionary power to avail itself of any one of the several different methods of procedure prescribed in the above statutes. No clear legal requirement can be found therein to justify a demand that it levy an assessment of seventy-five mills for the year 1934. The necessity for that levy was determined by the judgment creditor, whereas the statutes do not give the creditor the right to elect just how and when provision for the payment of his judgment shall be made. The legislature no doubt wisely afforded to cities and towns the right to elect the best course to be pursued within the law.

The district court in this instance gave as the reason for quashing the alternative writ that the council had it within its power to fund the indebtedness. The reason is specific and it is sound. The court could have gone further and stated as a reason for refusing to act that there was no specific duty imposed upon the council to do the thing demanded. Indeed, it appears that no specific duty rests upon the council to act at all at this particular time. The council must act so as to comply with the statutes, and within the time limits specified therein. In effect that was what the trial court held.

While several other legal questions were argued by counsel in their briefs and in the oral presentation of the case, we think that all of the other questions pass out of the case in the light of the obvious fact that the proceeding in reality constitutes an attempt to control by judicial direction the judgment of a legally constituted body. Repeatedly, and consistently, this court has adhered to the rule that courts will not substitute their discretion for the discretion reposed in officers or boards by legislative enactment. In the following cases the principle has been discussed and the rule enunciated: *State ex rel. Stuewe* v. *Hindson*, 44 Mont. 429, 120 Pac. 485; *State ex rel. Scollard* v. *Board of Examiners*, 52 Mont. 91, 156 Pac. 124; *Freeman* v. *Board of Adjustment*, 97 Mont. 342, 34 Pac. (2d) 534; *Fulmer* v. *Board of Railroad Commrs.*, 96 Mont. 22, 28 Pac. (2d) 849; *State* v. *State Board of Equalization*, 56 Mont. 413, 185 Pac. 708; *State ex rel. Gibson*

v. *Stewart,* 50 Mont. 404, 147 Pac. 276; *State ex rel. Robinson* v. *Desonia,* 67 Mont. 201, 215 Pac. 220; *State ex rel. County of Musselshell* v. *District Court,* 89 Mont. 531, 300 Pac. 235.

The writ sought in the district court was designed solely to control the actions of the town council of the town of Moore, in a matter involving the discretion of that body. The court was right in refusing the relief. It follows that this court cannot grant the application here presented. Proceeding dismissed.

ASSOCIATE JUSTICES MATTHEWS and STEWART concurring.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN not sitting.