STATE ex Rel. NORTH AMERICAN LIFE INSURANCE
CO., Relator, *v.* DISTRICT COURT et' al., Respondents.

(No. 7,490.)

(Submitted October 10, 1935.   Decided October 10, 1935.)

[49 Pac. (2d) 1119.]

*Mr. William M. Blackford,* for Relator, submitted a brief and argued the cause orally.

*Messrs. Belden & DeKalb,* for Respondents, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Application for writ of supervisory control. On October 8, 1934, this court promulgated its opinion on application of this relator for a writ of supervisory control directed to the district court of Fergus county and the presiding judge thereof to review the correctness of an order declining to issue a writ of mandate to compel the council of the town of Moore to levy a tax in payment of·a judgment against the town and in favor of this relator. The proceeding was dismissed. (*State ex rel. North American Life Ins. Co.* v. *District Court,* 97 Mont. 523, 37 Pac. (2d) 329, 331.) The procedure followed in 1934 in an attempt to secure the satisfaction of relator's judgment was repeated in 1935, with the same result, and relator is again before this court to compel the district court to require the levy of a tax, in the instant proceeding a tax sufficient to satisfy the judgment in full, amounting to approximately $13,000.

The facts appearing in the former opinion need not be set forth here, other than that the certified copy of the judgment was served upon the town on January 9, 1933; that the taxable property in the town has a valuation slightly in excess of $50,000, and that a levy of 50 mills in 1933 produced but $1,675.46 for application on the judgment.

The present application again shows that the town is without funds to pay the judgment, and that, after the former opinion was handed down, the town sought to refund the judgment by the issuance of bonds in the amount of $6,500, the relator

having agreed to accept the sum of $6,000 in satisfaction of the judgment. Relator's affidavit for the instant writ alleges "that the funding of said judgment on a discount basis as above mentioned, or otherwise, or at all, long since failed, and relator has long since relied upon respondents to make a levy on the taxable property of the town for the year 1935 to pay the balance of said judgment as entered."

On the affidavit and application an alternative writ of supervisory control was issued, and the respondents appeared herein by motion to quash the writ and dismiss the proceedings. The matter was heard on the merits. The contention of the relator is that the trial court erred in quashing the alternative writ of mandate in this latest proceeding, and in denying a peremptory writ on the ground that the town council still has it within its power to fund the indebtedness and that there is no specific duty resting upon the council to act at this particular time.

In the district court the respondents first filed a motion to quash the alternative writ of mandate, but before the motion was passed upon, filed an answer which, among other things, denied the allegation of the relator that the attempt to fund the indebtedness "has long since failed." On the hearing in the district court testimony was adduced and therein the respondent's town officials admitted that no levy had been made for the year 1935 for the purpose of satisfying the judgment "because we had already provided a way to take care of that judgment by these funding bonds." The mayor stated "that has not been a success but we have hopes of it being a success. We are still trying to sell the bonds; we have never been served with notice that it is off." He stated further that "at present we are negotiating with Mr. Brandjord [State Land Commissioner] and he seems more interested than he has in the past." The relator introduced no evidence.

The uncontroverted evidence is sufficient to sustain the trial court's finding that it is still within the power of the town to fund the indebtedness. "The legislature no doubt wisely afforded to cities and towns the right to elect the best course to

be pursued within the law." (*State ex rel. North American Life Ins. Co.* v. *District Court,* supra.)

It will be noted that the three-year period within which, it is declared in our former opinion, the town has the discretion to pursue either of the several methods of satisfying the judgment has not yet elapsed. When we consider the facts showing that a 50-mill levy in 1933 produced but $1,675.46, more than 46 per cent. of the taxes going delinquent, on a basis of which a levy of 400 mills, or 40 per cent. of the entire assessable valuation on all of the property in the town, and that with such a levy, in addition to the already heavy burden of taxation, no man can say what proportion of the taxes would go delinquent if, in fact, any of the taxpayers would be able to pay or would feel justified in paying such excessive taxes, and consequently the council would be unable to determine, in advance, whether a tax of 40 per cent., or even 80 per cent., on the assessable valuation of the entire property of the town would be sufficient to discharge the debt, we can readily appreciate the action of the council in refusing to levy a tax while there is a chance of bonding the town for the purpose of funding the indebtedness.

During the entire period of three years from and after January 9, 1933, the council is "vested with discretionary power to avail itself of any one of the several different methods of procedure prescribed" (*State ex rel. North American Life Ins. Co.* v. *District Court,* supra), and, as that period has not expired, the relator is in no better position now than it was a year ago.

The statute (secs. 5084, 5085, Rev. Codes 1921) imposes a duty upon the town council, but vests in the council discretionary power, during the three-year period, as to the method of performing that duty, and, during that period, the council cannot be coerced by writ of mandate. However, while the statute places a limitation upon the discretionary period, it is not a statute of limitation with respect to relator's right to enforce its judgment. The bar of the statute of limitations is imposed because of the failure of the possessor of a right to enforce it.

"Such a statute may be used as a shield, but not as a sword." (*Cheerington* v. *South Brooklyn R. Co.*, 180 App. Div. 659, 168 N. Y. Supp. 322, 325.) Here, if the full three years are permitted to elapse without the judgment being satisfied, the fault will be that of the town officials and not that of the relator.

The court having found on undisputed evidence that the council still has it within its power to fund the debt, again "no specific duty rests upon the council to act" at this time in the manner sought to be compelled, as was held in the former opinion.

The motion to quash the alternative writ is granted and the proceeding dismissed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.