STATE ᴇx Rᴇʟ. STATE HIGHWAY COMMISSION ᴇᴛ ᴀʟ.,
Rᴇʟᴀᴛᴏʀs, *v*. DISTRICT COURT ᴇᴛ ᴀʟ., Rᴇsᴘᴏɴᴅᴇɴᴛs.

(No. 7,838.)

(Submitted June 20, 1938.   Decided June 29, 1938.)

[81 Pac. (2d) 347.]

*Mr. Ernest A. Peterson* and *Mr. George E. Hurd,* for Relators, submitted a brief, and argued the cause orally.

*Mr. Sherman W. Smith,* for Respondents, submitted a brief, and argued the cause orally.

HONORABLE RUDOLPH NELSTEAD, District Judge, called in to sit in place of Mr. Chief Justice Sands because of the latter's illness, delivered the opinion of the court.

On May 23, 1938, R. M. Mills, a resident and taxpayer of Lewis and Clark county, filed his complaint in the district court of that county for an order directed to the State Highway Commission and the members thereof, requiring them to show cause why an injunction should not issue restraining the commission from accepting bids and entering into a contract for the construction of a portion of Route No. 24, running from Glendive in the eastern part of the state to Bonner near the city of Missoula. The portion in question is eight miles long, known as Federal Aid Project 267–B, and commonly called the Rogers Pass Highway. The district court thereupon issued a restraining order enjoining the State Highway Commission and its members from accepting bids or awarding any contract for construction. The plaintiff Mills having subsequently filed an

amended complaint, the district court made a supplemental restraining order.

On June 2, 1938, the State Highway Commission and its members filed an original proceeding in this court against the district court and one of its judges, requesting the issuance of an appropriate writ commanding the respondents court and judge to vacate and annul the restraining order. On June 20, 1938, the date on which this cause was submitted, respondents' counsel advised the court that a second amended complaint had been filed two days prior thereto in the district court, the sufficiency of which presents the only question for consideration by this court.

There is no question about the fact that pursuant to the authority vested in it by the laws of this state, the State Highway Commission in March, 1938, selected, designated and established Federal Aid Project 267–B, and that the commission, desiring to avail itself of the benefits of the Federal Highway Act (Title 23, United States Code, 23 U. S. C. A., secs. 1 et seq.), submitted to the Secretary of Agriculture of the United States a project statement setting forth the proposed construction of that portion of Route No. 24 known as Project 267–B, as a part of a primary highway in the state. On May 12, 1938, the Secretary approved the project, together with the survey, plans, specifications and estimates made by the State Highway Commission.

The regularity of the proceedings concerning the establishment of Route No. 24, which has been designated for several years as a Federal Aid Highway, has been approved by this court in *State ex rel. State Highway Commission et al., Relators, v. District Court et al., Respondents*, 105 Mont. 44, 69 Pac. (2d) 112.

By this present proceeding there has been an attempt to inject the element of fraud. That part of the second amended complaint, pertinent here, reads as follows:

"That the defendant the State Highway Commission of the State of Montana and a majority of its commissioners or members and a majority of the individual defendants herein did

vote for the letting of bids for the construction of that certain piece of highway designated as 267–B and that said votes were cast by said majority of said defendant the State Highway Commission of Montana and by the majority of the individual defendants named herein fraudulently and illegally in that and because of the fact that valuable considerations, promises and inducements were offered to the defendants by interested parties who were desirous of having 267–B constructed. That although all of the defendants herein knew that the construction of 267–B would be of no value or benefit to any person or persons other than the few families who lived directly adjacent to said project and although the defendant herein knew that the general public would not use said 267–B for traveling purposes because of the fact that at the completion of said 267–B there would be a dead end on the westerly end thereof and that it would be impossible for a person traveling west to proceed past the west end thereof and although said defendants knew that it is possible that said highway in its entirety or in fact any of said highway in addition to 267–B, would never be constructed and that said project designated as 267–B, if the entire highway was not constructed, would simply deteriorate and crumble away and that the entire cost thereof would be wasted and although said defendants knew that there were many places along the route of said highway where an eight-mile strip of road could be built and where the completion of an eight-mile strip would be of great benefit to the traveling public and to the people of Montana generally and although said defendant knew that the vicinity where 267–B is proposed to be built is so sparsely settled and the travel thereon is so slight that said State Highway Commission of Montana has not even kept a record of the amount of said travel or traffic and although said defendants knew that there were many places along said route of said highway where the travel and traffic was so heavy that a count thereof was kept by the State Highway Commission of Montana and although said defendants knew that it was a wrongful, unlawful, and wanton waste of the money of the taxpayers of the State of Montana and although said de-

fendants knew that the funds of the Seventh Highway District of the State of Montana would be used chiefly to construct said 267–B and that said road would be of no benefit whatsoever to the taxpayers and residents of the Seventh District, that they did nevertheless, in spite of all the foregoing, and for the purpose of receiving benefits for themselves individually and for the people of the communities in which they lived and in return for the promise of valuable consideration and benefits and other unlawful inducements, fraudulently, illegally and unlawfully vote to let bids for the construction of said project 267–B, they knowing at the time that the construction of same was a deliberate and wanton waste of the money of the taxpayers of the State of Montana.''

Concerning the foregoing allegations in their second amended complaint, respondents say in their brief: ''At the outset the respondents wish the defendants to know that the second amended complaint herein does not charge the defendants with fraud in the building of the highway from Great Falls to Missoula or in designating the route thereof as a main-trunk line highway of the system of the State of Montana nor does the plaintiff charge that the Bureau of Public Roads or any member or agent thereof acted fraudulently in designating the route over which said highway in its entirety should pass and said plaintiff does not charge that the Highway Commission does not have the right to cause said highway to be built or even to be built in sections nor does said plaintiff charge, in short that there is any fraud connected with any part of said project or the letting of bids for the construction thereof except the part in which we are interested in the present case, to-wit: that eight mile strip extending from Stearns, Lewis and Clark county, Montana, to a point where it ends on what is commonly known as Rogers Pass and which said strip is commonly designated as 267–B.''

The State Highway Commission is an administrative board in which have been lodged by statute certain discretionary powers. ''Repeatedly, and consistently, this court has adhered to the rule that courts will not substitute their discretion for the

discretion reposed in officers or boards by legislative enactment.''
(*State ex rel. North American Life Ins. Co.* v. *District Court,*
97 Mont. 523, 529, 37 Pac. (2d) 329, 331.)   Courts are without
power to interfere with the board's discretionary action within
the scope of its authority, or the exercise of powers conferred by
statute on the sole ground that the board's action is characterized
by lack of wisdom or sound judgment.   The reviewing power of
the courts must be exercised with caution.

As long as a particular route has been legally selected and
designated by the commission, it is within its discretion
which portion shall be first constructed.   The fact that the
eight-mile strip described in the second amended complaint in
the district court, will in itself benefit few persons, and will be
constructed through a sparsely settled country, can have no
bearing on the legal issues.   The commission having designated
the segment in question as a portion of Route No. 24 through the
state, the courts are not in a position to say that the expenditure
of money for its construction is a ''wanton waste.''   The High-
way Commission, in calling for bids, is doing that only which it
has a legal right to do.   The facts pleaded in the second amended
complaint are not sufficient to warrant the exercise of the ju-
risdiction of the courts over the acts of the commission in select-
ing, locating, designating and constructing the Rogers Pass Road.

The second amended complaint attempts to charge a majority
of the commission's members with bribery.   By section
10713, subdivision 6, Revised Codes, bribery is defined as fol-
lows: ''The word 'bribe' signifies anything of value or ad-
vantage, present or prospective, or any promise or undertaking
to give any, asked, given, or accepted, with a corrupt intention
to influence, unlawfully, the person to whom it is given, in his
action, vote, or opinion, in any public or official capacity.''

We are of the opinion that the second amended complaint does
not state facts sufficient to charge the members of the commis-
sion with bribery.   Mere legal conclusions are alleged in the
pleading.   The only portions of the pleading tending to set
forth bribery are: (1) That a majority of the members of the
commission acted ''fraudulently and illegally in that and be-

cause of the fact that valuable considerations, promises and inducements were offered to the defendants by interested parties who were desirous of having 267–B constructed''; and (2) the said members ''for the purpose of receiving benefits for themselves individually and for the people of the communities in which they lived and in return for the promises of valuable consideration and benefits and other unlawful inducements fraudulently, illegally and unlawfully [did] vote to let bids for the construction of said Project 267–B.''

Bribery is a crime. Whether the charge is made in a criminal indictment or information, or in a civil complaint, it must be stated with reasonable certainty. The defendant commissioners are not informed by the pleading in question who the interested parties are and of what the valuable considerations, promises and inducements consisted. We believe that the construction given by the supreme court of California to its section defining bribery '(sec. 7, subd. 6, Penal Code of California 1920), which is identical in its phraseology with our section 10713, subdivision 6, supra, is particularly pertinent here: ''It does not allege 'the acts and facts which the legislature has said shall constitute the offense.' The material acts or facts constituting the legislative definition of bribery are the giving to a public officer something 'of value, or advantage, present, or prospective,' or giving 'any promise' or entering into any 'undertaking' to give something of value or advantage. There is no averment that appellant gave the supervisor anything of value, or of advantage, or that he gave anything at all, or that the thing was of present or prospective advantage, or that it was a promise to do something, or an undertaking of some kind which was, or would be, beneficial to the supervisor. As said by counsel for appellant: 'The defendant is not informed whether the people will prove that he gave money, a promise of employment, a promise of political influence, a contract, instruction, entertainment, or any other of the many things which might constitute a bribe.' '' (*People* v. *Ward,* 110 Cal. 369, 42 Pac. 894, 895.) Neither do the facts pleaded in the second amended

complaint bring it within the inhibitions of section 10824, Revised Codes. (*State* v. *Beazley,* 77 Mont. 430, 250 Pac. 1114.)

In view of the fact that the second amended complaint fails to charge any ultimate facts disclosing that the members of the State Highway Commission have fraudulently failed to perform any duty imposed upon them by legislative enactment, it is our opinion that the restraining order issued by respondents is void. It is therefore ordered that a writ issue directed to the respondents court and judge, commanding them to vacate, annul and set aside the restraining order in the proceeding in Lewis and Clark county in which the said R. M. Mills is plaintiff and relators herein are defendants.

ASSOCIATE JUSTICES STEWART, ANDERSON, MORRIS and ANGSTMAN concur.