No. 17,166.

CHAMLEY *v.* CITY AND COUNTY OF DENVER ET AL.

(266 P. [2d] 1108)

Decided February 8, 1954.

Mr. W. T. MOYERS, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

PLAINTIFF in error, plaintiff in the trial court, a maga-

56

zine publisher, filed suit for injunction against the City and County of Denver and its police officials, defendants in error, to restrain their enforcement of an ordinance of defendant city. Plaintiff and his agents were arrested and allegedly falsely imprisoned by defendants' police for soliciting subscriptions to plaintiff's magazine on the streets of Denver. Defendants admitted the arrests, denied they were unlawful, but were made for violations of the city ordinance. Trial was to the court, and judgment entered for defendants. Motion for a new trial was dispensed with, and the cause is presented here for review by writ of error.

Plaintiff, a resident of Missouri, in 1952 began the publication of a sport magazine intended for general circulation in the United States. January 24, 1953 he and several agents came to Denver to solicit subscriptions therefor on the streets and while so engaged were arrested by defendants' police, allegedly for not having licenses therefor, and because some of the solicitors were females under the age of twenty-one years, in violation of the city ordinance. Plaintiff alleges said ordinance is unreasonable, discriminatory, arbitrary and unconstitutional; that he is engaged in interstate commerce and that defendants' interfering with his solicitation for subscriptions was in violation of his rights under Article I, section 8, of the Constitution of the United States and under Amendments Nos. I and XIV thereto; that plaintiff "has no adequate remedy at law"; * * * "that injunction is plaintiff's only remedy and will prevent a multiplicity of suits at law in being continually tried and appeals perhaps filed thereon."

Defendants admit the ordinance, allege plaintiff and his agents or crew members had not applied for and had no licenses; had stopped members of the public on the streets of Denver; harrassed and molested them in making solicitations to sell subscriptions; and that the crew members so soliciting were minors, females under the age of twenty-one years, all contrary to the provisions

of the city ordinance. The ordinance in question pur-
ports to be police regulations relating to the method
and conduct of persons making sales of magazines and
periodicals on the streets and sidewalks of Denver. De-
fendants assert they have not, and will not, refuse plain-
tiff a license to solicit subscriptions in accordance with
the ordinances and regulations of Denver; that they have
not in the past, and will not in the future, interfere with
the lawful rights of plaintiff or his employees in their
lawful soliciting of subscriptions to magazines.

By agreement, the case was submitted to the trial
court on the sole question whether or not the ordinance
was in violation of the Constitution of the United States.

There is no allegation that the court proceed-
ings of January 24, 1953 of which complaint is here
made have been terminated; they still may be pending,
and if not pending, then what was their termination?
Although the question was not raised in the briefs, it is
apparent that on this state of the pleadings, the trial
court had no authority but to dismiss the complaint.
*Farmers' Dairy League v. City and County of Denver*,
112 Colo. 399, 149 P. (2d) 370. Therein the case of
*Brunstein v. City of Fort Collins*, 53 Colo. 254, 125 Pac.
119, was cited with approval in which it was held that
in an action to restrain the enforcement of a municipal
ordinance it is not only unnecessary but also improper
for the court to pass upon the validity of an ordinance;
that complainant has an adequate and complete remedy
at law. All questions of the constitutionality or other
invalidity of the ordinance may be asserted and deter-
mined in the pending law action where plaintiff is on
trial.

. However, an exception to this rule is recognized in
*City of Denver v. Beede*, 25 Colo. 172, 54 Pac. 624,
wherein it was stated: "An exception to this rule exists
where an injunction is necessary to protect a party from
oppressive and vexatious litigation, but in such cases the
court only acts by granting an injunction after the con-

58

troverted right has been determined in a previous action in favor of the party applying for such relief."

In the instant case there is no allegation in the complaint of any prior arrest or terminated court proceedings. However, the record transcript of plaintiff's testimony discloses that plaintiff and his agents had previously, in March of 1952, been arrested by defendant city's officials, were convicted, and paid fines for violating the ordinance here involved. Assuming it proper to consider this evidence, the case does not come within the exception, in that the former arrest and trial of plaintiff, in March, 1952, did not terminate in favor of plaintiff.

The general rule applies here. Equity will not enjoin the judicial enforcement of a penal city ordinance. The constitutionality of the ordinance is not here properly an issue. The complaint is fatally defective.

The judgment of dismissal is affirmed.