The STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND APPELLANT, *v.* CROSSEN-NISSEN COMPANY, A MONTANA CORPORATION, DEFENDANT AND RESPONDENT.

No. 10803.
Submitted January 13, 1965. Decided March 9, 1965.
Rehearing denied April 5, 1965.
400 P.2d 283.

252

Donald R. Matthews (argued), Helena, Daniel J. Sullivan (argued), Helena, Peter J. McKinney, Helena, for appellant.

Sias & Hendrickson, Chinook, Oscar Hendrickson (argued), Chinook, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by the Montana State Highway Commission, plaintiff below, from a judgment of the district court of the twelfth judicial district denying the Highway Commission

the right to condemn certain private property located within Blaine County.

The Highway Commission, in rebuilding U. S. Highway No. 2, has proposed bypassing the City of Harlem, Montana. This highway, as it presently exists, passes through Harlem. The proposed bypass route would be located south of Harlem. It would shorten Highway No. 2 by eight-tenths of a mile and would eliminate several sharp curves and turns that now exist on Highway No. 2.

The Highway Commission, being unable to acquire by purchase from the owner Crossen-Nissen Company, defendant below, real property located within and adjacent to the proposed bypass route, adopted a resolution declaring the taking of this property necessary for the project and brought an action in eminent domain to condemn said property. The district court determined that the evidence was not sufficient to show that the proposed route was located in a manner compatible with the greatest public good and the least private injury as required by section 32-1615, R.C.M.1947. It also found that the evidence did not show necessity to take the property of the defendant, Crossen-Nissen Company.

The State Highway Commission has the power to lay out, alter, construct, improve and maintain the highways in the State of Montana, and to secure by eminent domain property necessary for these purposes. Section 32-1615, R.C.M.1947.

This power of eminent domain is limited by section 93-9905, R.C.M.1947, which so far as pertinent here provides:

*"Facts necessary to be found before condemnation.* Before property can be taken, it must appear:

"1. That the use to which it is to be applied is a use authorized by law.

"2. That the taking is necessary to such use. * * *" It is not disputed that the use for which the property sought to be condemned is authorized by law. The dispute here involves whether the taking was necessary for such use.

■ The requirement that the condemnor must show necessity for the property taken does not mean that it must be indispensable to the proposed project. Rather the word "necessary" as used in section 93-9905 means that the particular property taken be reasonably requisite and proper for the accomplishment of the purpose for which it is sought under the, peculiar circumstances of each case. State Highway Comm'n v. Yost Farm Co., 142 Mont. 239, 243, 384 P.2d 277; State et al. v. Whitcomb, 94 Mont. 415, 22 P.2d 823; State ex rel. Livingston v. District Court, 90 Mont. 191, 300 P. 916.

■■ The power of eminent domain is vested exclusively in the legislature. It can be exercised only by the legislature and those agencies to whom the legislature has delegated the power. And it is not within the province of the judicial branch of government to interfere with the exercise of eminent domain. In State ex rel. State Highway Comm'n v. District Court, 107 Mont. 126, 130, 81 P.2d 347, 349, this court recognized a restriction of its power in this area. It stated:

"The State Highway Commission is an administrative board in which have been lodged by statute certain discretionary powers. 'Repeatedly, and consistently, this court has adhered to the rule that courts will not substitute their discretion for the discretion reposed in officers or boards by legislative enactment.' State ex rel. North American Life Insurance Co. v. District Court, 97 Mont. 523, 529, 37 P.2d 329, 331. Courts are without power to interfere with the board's discretionary action within the scope of its authority, or the exercise of powers conferred by statute on the sole ground that the board's action is characterized by lack of wisdom or sound judgment. The reviewing power of the courts must be exercised with caution."

■ When the Highway Commission exercised its discretion and proposed to bypass Harlem, it became incumbent upon the defendant to show fraud, abuse of discretion or arbitrary action in order to defeat the action of the Commission. Where-

as it was only necessary for the Highway Commission to establish that the taking of the property of Crossen-Nissen was reasonably necessary for the rebuilding of U. S. Highway No. 2 in order to be free from interference by the courts.

The defendant Crossen-Nissen does not contest the necessity of building the highway itself. Its objection is that there is no necessity to build the highway along this particular route. The defendant suggests that the highway be rebuilt along its present route through Harlem. However, in regard to selecting the particular land to be condemned, it is the view of this court that even when necessity has been challenged on the ground of arbitrariness or excessiveness of the taking, there is left largely to the discretion of the condemnor the location, route, and area of the land to be taken. There rests upon the shoulders of one seeking to show that the taking has been excessive or arbitrary, a heavy burden of proof in the attempt to persuade the court to substitute its judgment for that of the condemnor. (Nichols, Eminent Domain, § 4.11(2), p. 558 (3d ed.)). This position is not novel and has been expressed by this court previously. In State ex rel. Livingston v. District Court, supra, 90 Mont. at 196, 300 P. at 918, this court stated;

"* * * And, when an attempt is made to show that the location proposed is unnecessarily injurious, the proof should be made clear and convincing; otherwise no location could ever be made."

The court also pointed out that it was not the function of the judiciary to determine as an engineer the best place for the construction of a highway. State ex rel. Livingston v. District Court, supra.

In determining whether the land of Crossen-Nissen is reasonably required for the purpose of effecting the object of its condemnation or, whether there is clear and convincing proof of an abuse of discretion in locating the highway, the evidence must be examined.

The witnesses for the defendant testified generally: that it

would cost more to construct the bypass line than to reconstruct the existing road through Harlem; that the proposed bypass would injure the farms through which it passed, whereas if the existing route were followed this injury would be avoided; that the bypass route would benefit only about forty-five percent of the traveling public; that the economy of Harlem would be adversely affected by the proposed bypass in that the trade of some of the business places along the existing route through Harlem would diminish; and that the taking of additional land necessary to construct the bypass would reduce the tax base of Blaine County.

On the basis of construction costs alone it would cost more to build the bypass route than to reconstruct the existing route. However, it was pointed out by the Highway Commission that when all costs, construction, maintenance and vehicle operating costs, are considered, the bypass would be the more economical route.

There is no doubt that if the highway is relocated along the bypass route it will cause injury to the farms through which it passes. The loss caused by such injury, however, is compensable and the owners of these farms will be compensated for such loss. Further, the testimony established that in constructing the bypass all necessary drainage to perpetuate existing irrigation structures would be provided and that sufficient approaches would be constructed so that farm implements and livestock can be moved across the road without great difficulty.

It is also admitted that only about forty-five percent of the total traffic would be able to use the bypass highway, and of the remaining fifty-five percent, some trips would be confined to the present route in entirety, while others would be able to use the bypass for only a part of the movement. Whereas, if the present highway were reconstructed all traffic would receive its benefits. While this is admitted it is also uncontradicted that the highway users will travel eight-tenths

of a mile less on the bypass route and save an estimated $39,000 a year in vehicle operating costs.

Neither of the remaining allegations of the defendant provide the court with sufficient proof to sustain the judgment of the lower court. Whatever effect the bypass may have on the economy of Harlem is open to speculation. This court does not find that the testimony of the witnesses examined established that the economic injury would, should it occur to this city, be of such a degree to show an abuse of discretion by the Highway Commission in selecting the route. Nor is the fact that Blaine County will experience a reduction in its tax base a sufficient basis to uphold the position of the defendant. There are bound to be individual losses and hardships in all condemnation cases. These private injuries are weighed by the court in determining necessity.

Here the proof is neither clear nor convincing that the Highway Commission abused its discretion in finding that the benefit to the public of the proposed bypass outweighs the consequential damage that may result to some of the business places in Harlem or to the residents of Blaine County.

After carefully weighing all the evidence it is our conclusion that the property of the defendant is reasonably required for the purpose of rebuilding U. S. Highway No. 2. The evidence of hardship and the fact that another feasible route, over which this highway could be built, existed did not supply the clear and convincing proof required by this court before it will substitute its judgment for the judgment of an agency especially qualified for making such decisions. There is a public need for this highway. It has to be built over some route. The Highway Commission is authorized and qualified to select the route, and its decision in so doing appears to be compatible with the greatest public good and the least private injury. The judgment of the district court is therefore reversed and the cause remanded for further proceedings not inconsistent with what is said herein.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON and ADAIR concur.