461 P.2d 207 (1969)
Herman ERIE and T.P. Mulvihill, on behalf of themselves and all other similarly Interested persons, Plaintiffs and Respondents,
v.
STATE of Montana, acting By and Through The STATE HIGHWAY COMMISSION of the State of Montana, Defendant and Appellant.
No. 11635.
Supreme Court of Montana.
November 13, 1969.
Rehearing Denied December 8, 1969.
*208 Robert L. Woodahl, Atty. Gen., Helena, Moulton, Bellingham, Longo & Mather, Billings, F.D. Moulton, argued, Billings, Donald D. MacPherson, Helena, K.M. Bridenstine, appeared, Helena, for defendant and appellant.
Berger, Anderson & Sinclair, Billings, Arnold A. Berger, argued, Billings, for plaintiffs and respondents.
PER CURIAM:
This is an appeal by the defendant State Highway Commission from orders of the district court of Stillwater County granting a permanent injunction prohibiting the construction of a planned interchange on Interstate 90 and also a writ of mandate ordering the commission to construct two full diamond interchanges on that interstate highway.
The action for injunction was commenced by plaintiffs on August 25, 1967 on behalf of themselves and all other persons similarly situated. The action for a writ of mandate was started on June 27, 1968. The town of Columbus, Montana, filed a petition to intervene and complaint in intervention in these actions on July 15, 1968 asking the court to deny the writ of mandate and to dismiss the injunction proceedings. The town later filed an amended complaint on July 18, 1968 asking that the writ of mandate and the injunction both be granted. The lower court did not rule on the town's intervention. Hearings were held on the 21st and 28th of August 1968 and thereafter on November 19, 1968 the court made findings of fact and conclusions of law. The defendant excepted to these findings and conclusions and the court overruled the exceptions. On November 29, 1968 the court issued a writ of mandate ordering the defendant to design and construct two full diamond interchanges to service the town of Columbus. The court also on November 29th issued a permanent injunction enjoining defendant from constructing the planned interchange north of Columbus.
The facts, although in dispute, are basically these: Columbus, Montana is a town of approximately 1,280 inhabitants, located about 40 miles west of Billings, Montana. U.S. Highway No. 10 runs through the center of town. Interstate 90 is being constructed along the general route of U.S. Highway No. 10, but will bypass the town to the north. In 1964, while Interstate 90 was in the planning stage for this area, a public hearing was held in Columbus by the defendant. The purpose of the hearing was to determine, among other things, what the public desire was as to interchanges and their location. At this time the defendant planned to build two interchanges near Columbus. Late in 1965 however, the commission decided that only one interchange should be built after taking into consideration several things, including traffic count factors and the desires of the people of Columbus. There was some question as to where the interchange would be located but apparently in June 1967, the town, after a popular vote, agreed to a location for the planned interchange. Then in August 1967 the plaintiffs initiated this action. Plaintiffs desired that two interchanges be built; one at each end of town. These would allow transient business to continue to flow through the town from the interstate highway. Also they claimed that the town of Columbus should have two interchanges because the town of Big Timber, 40 miles away, was scheduled to receive two interchanges.
Defendant sets out five points for our determination, but one issue is determinative of this appeal. That is whether the district court abused its discretion in granting the injunction and the writ of mandate.
*209 The defendant contends that it was exercising its discretionary power in determining the number of interchanges that should service the town of Columbus and also claims that there is not a clear legal duty on its part to build two full diamond interchanges.
Plaintiffs introduced evidence in the district court to show that with only one interchange the business community of Columbus would suffer from loss of business. From this they conclude that the defendant acted arbitrarily and capriciously and abused its discretion in planning only one interchange. From this evidence they also conclude that they have a clear legal right to two interchanges instead of one. Thus, they argue, the writ of mandate should lie to compel the defendant to construct the highway in accordance with the wishes of the people. For this proposition counsel for plaintiffs cites section 93-9904(5), R.C.M. 1947, and several cases; including State Highway Comm'n v. Crossen-Nissen Co., 145 Mont. 251, 400 P.2d 283, and State Highway Comm'n v. Danielsen, 146 Mont. 539, 409 P.2d 443. However, the statute and cases cited pertain to eminent domain proceedings. We are not dealing with eminent domain proceedings here but with administrative law.
This Court has been quite consistent in its holdings concerning the issuance of injunctions and writs of mandate by district courts to control actions of administrative boards and agencies. The rule simply put is that a board may be enjoined from acting outside the scope of its authority and such board may be compelled to perform an act it is legally bound to perform; but neither of these extraordinary remedies will lie to control the discretion of a board unless it has been clearly shown that the board has manifestly abused such discretion. State ex rel. State Highway Commission v. District Court, 107 Mont. 126, 81 P.2d 347; State ex rel. Scollard v. Board of Examiners for Nurses, 52 Mont. 91, 156 P. 124; State ex rel. County of Musselshell v. District Court, 89 Mont. 531, 300 P. 235, 82 A.L.R. 1158; Paradise Rainbow v. Fish and Game Comm'n, 148 Mont. 412, 421 P.2d 717; and Skaggs Drug Centers v. Montana Liquor Control Board, 146 Mont. 115, 404 P.2d 511.
From the record it is clear that defendant, as early as 1964, held hearings in Columbus to obtain a clear idea as to where an interchange should be located and how many were needed. In 1965 defendant informed the people of the town that only one interchange was necessary. This conclusion was reached by the commission after study of the relevant factors as pointed out earlier. In 1967 the people of Columbus, by popular vote, indicated where they wished the one interchange to be located. Section 32-2406, R.C.M. 1947, provides in part:
"The commission may plan, lay out, alter, construct, reconstruct, improve, repair, maintain, and abandon highways on the federal-aid systems and state highways * * *"
This statute does not require that a certain number of interchanges be built in any one location. Thus the commission has the discretion to determine how many interchanges will be built and where they will be built, taking into consideration all of the relevant factors, including traffic counts, projected future needs, desires of the community, and so forth. That is exactly what defendant has done in this case. Thus we cannot say that defendant has abused the exercise of its discretion in any way.
The granting of an injunction and a writ of mandate are matters of discretion resting in the district court and will be sustained on appeal unless there is a showing of abuse of such discretion on the part of the court. Anaconda Copper Mining Co. v. Butte & Boston Min. Co., 17 Mont. 519, 43 P. 924. The district court in the present case has manifestly abused its discretion. It has substituted its discretion for the discretion reposed in the State Highway Commission. The orders of the district court are reversed and these proceedings are dismissed. The injunction and the writ of mandate are hereby quashed.