MR. JUSTICE HUNT,
dissenting:
I dissent. I would reverse the District Court and direct the District Court to issue a preliminary condemnation order.
I am of the opinion that the City is entitled to the conclusive presumption of necessity contained in Section 7-5-4106, MCA. My opinion is based upon the nature and attributes of the power of eminent domain and upon the statutory history.
The power of eminent domain is an inherent attribute of the state’s sovereignty. Butte, Anaconda & Pacific Ry. Company v. The Montana Union Ry. Company, 16 Mont. 504, 536, 41 St.Rep. 232 (1895). The Legislature alone has the ability to delegate the power of eminent domain, State Highway Commission v. Crossen-Nissen Co., 145 Mont. 251, 400 P.2d 283 (1965), and has done so freely, granting the power to private corporations, such as railroads; to quasi corporate bodies, such as cemetery associations; to the executive branch of government, through administrative agencies such as the highway department; and to local government.
The Legislature has also granted to certain condemnors presumptions of necessity; the presumption varies in proportion to the degree of popular control exercised by the people of Montana over a particular condemnor. Thus, private entities, over which the public exercises no control, are granted no presumption of necessity. They are required, in the exercise of the power, to prove necessity pursuant to Section 70-30-111, MCA.
The State Highway Department is an administrative agency of state government. The Governor guides departmental policy by appointing its director. The Governor is elected by the people, the people thus indirectly exercise control over the department’s actions. Accordingly, the Legislature has granted the department a disputable presumption of necessity, so that the department’s order, pursuant to Section 60-4-104, MCA, when presented at the necessity hearing, establishes a prima facie case of the public necessity of the proposed highway or improvement.
Finally, cities and towns are granted a conclusive presumption of necessity, whereby the city ordinance authorizing the taking of private property establishes necessity. The ordinance is passed by the local legislative body, popularly elected by the citizens of the city or *422 town, and over which those citizens exercise direct control through the ballot box. Recalling that “all political power is vested in and derived from the people” (Article II, Section 1, Montana Constitution), the grant of a conclusive presumption to an ordinance passed by the city council is neither unexpected nor shocking.
The majority seeks to buttress its conclusion that Sections 7-13-4402, through 4404, MCA, control this action by citing the relative arrangement of the statute in the Code of 1895. This argument, however, ignores the fact that the predecessor to Section 7-5-4106 was a feature of Montana law from territorial times, prior to when the sections which would become Sections 7-13-4403 and 4404 were first enacted in 1895. The Legislature is presumed, when enacting new legislation, to act with full knowledge of existing law. Thiel v. Taurus Drilling Limited, 1980-11, [(1985) [218 Mont. 201,] 710 P.2d 33, 42 St.Rep. 1520, (1985). A law passed with that knowledge is presumed not to abrogate an existing law, unless the two are absolutely repugnant to each other. London Guaranty & Accident Co., Ltd. v. Industrial Accident Board, 82 Mont. 304, 310, 266 P.2d 1103 (1928). This Court is obliged to harmonize statutes relating to the same subject, giving effect to each. Crist v. Segna, [_ Mont. -,] 622 P.2d 1028, 38 St.Rep. 150 (1981). The application of these rules of statutory construction dictate the conclusion that the Legislature intended the conclusive presumption of necessity found in what is now Section 7-5-4106, MCA, to apply to actions brought by a city to acquire a water supply system.
The majority also justifies its rejection of the application of Section 7-5-4106, MCA, because the statute does not specifically refer to a water supply system. The language contained therein “any other municipal and public use” is “catch-all” language commonly used by legislators in. Montana and elsewhere because of the impossibility of predicting, with perfect clarity, all the factual variations to which a law applies. This language evidences the Legislature’s intention that the provisions of the statute, including the conclusive presumption of necessity, are to apply to actions other than those seeking to acquire property for the specific purposes mentioned therein. The majority refuses to attach any purpose to the language “any other municipal and public use” and restricts the application of the statute to those purposes specifically mentioned therein. In effect, the majority states that if the city wishes to condemn a street or alley, it is entitled to a conclusive presumption of necessity, but if it desires to ac *423 quire a water distribution system under the street, it has no presumption.
The majority fails to recognize the distinction between “necessity” and “necessary” as those terms are used in eminent domain proceedings. “Necessity” as used in eminent domain proceedings generally refers to the need for the improvement itself. In Section 70-30-111, MCA, necessity is described as the “public interest”. “Necessary” as used in (2) of Section 70-30-111, MCA, has been defined as a “reasonable, requisite and proper means to accomplish the improvement.” State ex rel. Department of Highways v. Standley Bros., [215 Mont. 475,] 699 P.2d 60, 42 St.Rep. 563 (1985). There should be no question but what the water supply system owned by Mountain Water is reasonable, requisite and proper to accomplish the improvement, that is, the ownership by the City of the water supply system. The Legislature, when it granted authority to the City to acquire a water supply system owned by another entity, made a determination in accordance with (3) of Section 70-30-113, MCA, that the ownership of the water supply system by the City was a more necessary public use than the ownership of the water supply system by Mountain Water.