NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF ALASKA DEPARTMENT OF NATURAL RESOURCES; DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, | No. 18-36089 |
| | D.C. No. 4:13-cv-00008-RRB |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| KENNETH J. PURDY, As Personal Representative of Agnes M. Purdy. Owner of Native Allotment No. 50-2008-0437 certificate no.; et al., | |
| Defendants-Appellants, | |
| ROSE M. LESLIE, As Personal Representative of Agnes M. Purdy. Owner of Native Allotment No. 50-2008-0437 certificate no.; that portion of Native Allotment No. 50-2008-0437 currently occupied by Chicken Ridge Alternate, Myers Fork Spur, Chicken to Franklin and Chicken Ri, | |
| Defendant-Appellant, | |
| and | |
| UNITED STATES OF AMERICA, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant,

DENA' NENA' HENASH, Tanana Chiefs Conference, an Alaska non-profit corporation; et al.,

Defendants.

---

STATE OF ALASKA DEPARTMENT OF NATURAL RESOURCES; DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES,

Plaintiffs-Appellees,

v.

KENNETH J. PURDY, As Personal Representative of Agnes M. Purdy. Owner of Native Allotment No. 50-2008-0437 certificate no.; et al.,

Defendants-Appellants,

ROSE M. LESLIE, As Personal Representative of Agnes M. Purdy. Owner of Native Allotment No. 50-2008-0437 certificate no.; that portion of Native Allotment No. 50-2008-0437 currently occupied by Chicken Ridge Alternate, Myers Fork Spur, Chicken to Franklin and Chicken Ri,

Defendant-Appellant,

and

No.    19-35288

D.C. No. 4:13-cv-00008-RRB

UNITED STATES OF AMERICA,

Defendant,

GEORGE W. SEUFFERT, Sr.; et al.,

Defendants.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted October 9, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District Judge.
Concurrence by Judge RAWLINSON

Defendants-Appellants Barbara Redmon, on behalf of Anne Purdy, and Kenneth Purdy and Rose Leslie, as personal representatives of Agnes Purdy ("the Purdys"), appeal the district court's grant of partial summary judgment to Plaintiffs-Appellees State of Alaska Departments of Natural Resources and Transportation (the "State") in eminent domain proceedings on the issues of the necessity of the taking and just compensation. The Purdys also appeal the denial of their motion for attorney's fees and costs. We have jurisdiction under 28 U.S.C. §

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

3

1291. We review de novo the district court's grant of summary judgment and for an abuse of discretion the district court's denial of attorney's fees. We affirm.

1.     Before taking private property the State must demonstrate that the planned use of the property is authorized by Alaska law and the taking is necessary to accomplish that use. Alaska Stat. § 09.55.270(1)–(2). For the State to demonstrate necessity, Alaska law requires "no more than that the particular taking be shown to be 'reasonably requisite and proper for the accomplishment of the purpose for which it is sought.'" *City of Fairbanks v. Metro Co.*, 540 P.2d 1056, 1058 (Alaska 1975) (quoting *Arco Pipeline Co. v. 360 Acres, More or Less*, 539 P.2d 64, 71 (Alaska 1975)). Once the condemning agency has demonstrated that a taking is "reasonably requisite" for the public purpose for which it is sought, "particular questions as to the route, location, or amount of property to be taken are to be left to the sound discretion of the condemning authority." *Id.* To set aside the reasons for the necessity of the taking, the party opposing condemnation must demonstrate by clear and convincing evidence that the condemning authority's decisions "are the product of fraud, caprice, or arbitrariness." *Id.*

The State's justification for the taking at issue is to connect the Chicken Ridge Alternate Trail to the Myers Fork and Chicken Ridge Trails. The State satisfied its burden by establishing with record evidence that the taking at issue was "reasonably requisite" for a lawful use: to create a public right-of-way to

4

complete existing public roads and trails and provide access to state lands used for mining, hunting, and subsistence uses.

The Purdys contend that genuine issues of material fact precluded the district court from granting the State's motion to determine necessity, but they fail to cite any evidence raising such an issue. The Purdys cite excerpts from the depositions of Barbara Redmon, legal guardian of Anne Purdy, and Rockford Weber, an employee of the Alaska Department of Natural Resources, to suggest that the State acted arbitrarily by failing to properly consider alternative trails that could have achieved their stated purpose. The evidence, however, only shows that Ms. Redmon opposed the taking and that Mr. Weber, acting on behalf of the State, weighed multiple competing factors before concluding that the taking was necessary. This evidence is insufficient to raise a material triable issue of fact regarding whether the placement of the route and the size of the taking—matters committed to the State's "sound discretion"—were "arbitrary." *Id.* The Purdys argued that the State acted arbitrarily because (1) it did not need the route over their property because the State had access to the "abandoned northern trail," (2) it failed to consult the Purdys, and (3) it failed to obtain a cost estimate for the construction of reasonable alternatives. These arguments, however, lack a sufficient basis in the record to raise a genuine issue of material fact requiring trial.

**2.**     The district court's grant of the State's motion for partial summary judgment

5

on the amount of just compensation was proper. The Purdys did not introduce independent evidence as to the value of the condemned land. The district court appropriately relied on the only appraisal report in the record to determine just compensation for Agnes Purdy's property at $7,300 and Anne Purdy's property at $1,100.

The Purdys argue that the district court improperly shifted the burden of proving the amount of just compensation to them. But this is incorrect because under Alaska law both the condemning authority and the property owner may produce competent evidence of the fair market value. *State v. 45,621 Square Feet of Land*, 475 P.2d 553, 555 (Alaska 1970); *id.* ("Absent the production of such evidence by either party, the triers of fact will determine fair market value solely from the other party's evidence."). To overcome the State's motion for partial summary judgment on just compensation, the Purdys were required "to introduce evidence sufficient to establish the possibility that a reasonable jury could find that [they are] entitled to recovery in excess of the amount" proposed by the condemner. *Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1446 (9th Cir. 1987). The Purdys failed to present any such evidence to the district court. Thus, their arguments that attempt to raise a triable factual issue for the first time on appeal are insufficient to set aside the district court's judgment.

Furthermore, the district court did not err in denying the Purdys' motion for

a master's hearing to ascertain the value of the condemned land under Alaska Rule of Civil Procedure 72. A Rule 72 master's hearing is meant to facilitate settlement and assist the parties in avoiding unnecessary litigation. Here, the Purdys demanded a jury trial in their pleadings, completed discovery, moved to set a trial date, and litigated the State's summary judgment motion. Only *after* the court granted summary judgment on the issue of compensation did the Purdys move for the appointment of a master.

The Purdys' motion for a master's hearing was part of an attempt to set aside the district court's judgment–it was accompanied by a motion for reconsideration and a motion, in the alternative, to set a jury trial. The district court properly concluded that considering the Purdys actions, there was "no basis" to appoint a master *after* the grant of summary judgment. *See Four Separate Parcels of Land v. City of Kodiak*, 938 P.2d 448, 454 (Alaska 1997) (recognizing that a master's hearing under Rule 72 was not required where the defendant demanded a jury trial, moved the court to set a trial date, and litigated the case to final judgment).

**3.** The district court did not abuse its discretion in denying the Purdys' motion requesting attorney's fees and costs. Alaska Rule of Civil Procedure 72(k) allows a condemnee to recover fees if "(1) the taking of the property is denied; . . . or (5) allowance of costs and attorney's fees appears necessary to achieve a just and adequate compensation of the defendant." Neither requirement is satisfied here.

7

The Purdys neither defeated nor limited the State's taking. And, by litigating the case, the Purdys obtained a total just compensation amount ($8,400) significantly *less* than the State's pre-judgment settlement offer ($22,900). Thus, the district court did not abuse its discretion in concluding that fees and costs were not appropriate.

**AFFIRMED.**



***State of Alaska Dept. of Natural Resources v. Purdy,***
**Case Nos. 18-36089 and 19-35288**
**Rawlinson, Circuit Judge, concurring:**

FILED

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in the result.

1